George M. Fanelli, J.
This is a motion by plaintiffs, pursuant to rule 109 of the Rules of Civil Practice, to strike out five defenses because of legal insufficiency.
The action is brought by the City of Mount Vernon and its Building Inspector to restrain and enjoin defendants from using certain premises located in said city allegedly in violation and in contravention of the local zoning ordinances, and compelling them to remove from the buildings certain machinery and industrial equipment.
The first affirmative defense pleaded by defendants is “ that prior to the adoption of the 1922 Zoning Ordinance by the City of Mount Vernon, New York, the premises referred to in the complaint had been and were being used for manufacturing and industrial purposes and for the storage of materials and the garaging of trucks and other motor vehicles, and that such use of the said premises is not prohibited by any existing ordinance of the City of Mount Vernon, New York, and such use of said premises continued thereafter and has continued to the date hereof as a legally existing non-conforming use ”. It is the court’s view, bearing in mind that on a motion of this kind the truth of the afore-mentioned allegations must be assumed, that this defense is legally sufficient, and said branch of the motion is denied. It is the law of this State that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance. (People v. Miller, 304 N. Y. 105, 107.)
In their second defense, defendants urge that plaintiffs have been guilty of laches and are estopped from bringing this action *97 because of the fact that since 1925 the instant premises have been used for industrial and manufacturing purposes and for the storage of materials and the garaging of trucks and other motor vehicles; that neither plaintiff nor any of its officials has objected to such uses; and that defendants have made substantial investments in the business conducted by them on said premises because of the inactivity of plaintiffs. This defense is legally insufficient and should be stricken. A municipality is not estopped from enforcing its zoning laws either by the issuance of a building permit or by laches (City of Yonkers v. Rentways, Inc., 304 N. Y. 499, and cases cited therein; cf. Town of Eastchester v. Noble, 2 Misc 2d 1034; Matter of Hepner v. Zoning Bd. of Appeals, 152 N. Y. S. 2d 984).
With respect to the third defense, the court is in accord with defendant’s reasoning that the question of irreparable damage to plaintiffs and the taxpayers of the City of Mount Vernon may not have a proper place in this complaint but, so long as the allegations of Paragraph “ 19 ” of the complaint remain in the complaint in their present form, defendants may plead that insofar as any taxpayers in the immediate vicinity of the subject property are concerned, any damage which they might have sustained, would be self created because of the fact that they purchased their respective properties with knowledge of the use being made by defendants of the property described in the complaint. The branch of the motion to strike this defense is denied.
The fourth defense is insufficient and should likewise be stricken. It has been held that where an owner knew or should have known that repairs or alterations to a building were illegal, then despite the issuance of a building permit by appropriate officials, a municipality cannot be estopped or be guilty of laches (City of Yonkers v. Rentways, Inc., supra). Defendants urge that such permits were ‘ ‘ lawfully issued ’ ’ and that the determination of this issue should await trial. However, it is the court’s opinion that since plaintiffs have alleged in Paragraph ‘ ‘ 15 ” of the complaint that all alterations and the like were made by defendants “ without authority in law or permit legally secured ”, this issue may be raised and determined by a general denial.
In the fifth and final defense, defendants plead the 10-year Statute of Limitations. Since the gist of plaintiffs’ complaint is that defendants in the use, alteration, additions, enlargements, erection and maintenance of their premises have violated the zoning ordinances, it Avould seem that if such violations have in the past existed and do in fact now exist and, since laches and estoppel may not be pleaded as affirmative defenses and, since these alleged violations, if they do exist, are continuous, then it *98 is apparent that the defense of the Statute of Limitations is legally insufficient and should he stricken. If defendants have any doubt as to the true meaning and gravamen of the complaint, then they may make such appropriate motions as they may be so advised.
Settle order on notice.