OPINION OF THE COURT
Edward H. Lehner, J.
The motions before the court raise the issue, on which there is no direct authority, of whether a short contractual period of limitation in which to bring suit contained in a warehouse receipt bars a claim for conversion instituted against the warehouse after the expiration of such period.
On September 1, 1978 plaintiff delivered to the defendant warehouse five drums of cobalt cathodes weighing 2,845 pounds with an alleged value on that date of $151,567. On October 26, 1978 plaintiff demanded the return of the drums. Shortly thereafter defendant informed plaintiff that the drums could not be located. To date defendant has been unable to explain the disappearance other than the supposition offered by its vice-president that the loss was caused by a “criminal act on the part of one of my employees.”
The warehouse receipt and storage contract issued to plaintiff by defendant when the goods were placed into storage on September 1, 1978 contained the following provision: “No action at law or in equity shall be brought in. connection with any loss or damage prior to the expiration *924 of sixty (60) days after presentation of claim therefor; nor shall such action be brought at all unless brought within one year from the expiration of the sixty day period last mentioned.”
Plaintiff sent written notice of the loss to defendant on November 1, 1978, but did not commence this action until March 24, 1980, more than one year and 60 days after the sending of the notice.
The complaint contains six causes of action. However, in apparent recognition that any claim in contract or for negligence would be barred by the above contractual provision, plaintiff has moved for summary judgment only on the second cause of action which alleges a conversion of the property. Defendant has cross-moved to dismiss the entire complaint based on said provision.
A shortened contractual period of limitations is permitted by subdivision (3) of section 7-204 of the Uniform Commercial Code which provides as follows: “Reasonable provisions as to the time and manner of presenting claims and instituting actions based on the bailment may be included in the warehouse receipt or tariff.”
A period of one year and 60 days is a reasonable time period for a valid limitation. (See Aron & Co. v Panama R.R. Co., 255 NY 513.)
Plaintiff, however, contends that since defendant converted the missing property it may not take advantage of the short contractual period of limitations and that for such wrong the three-year period of CPLR 214 is applicable. In support of its position plaintiff cites I.C.C. Metals v Municipal Warehouse Co. (50 NY2d 657) where the facts are very similar to the case at bar and coincidentally the same warehouse was involved.
There the plaintiff delivered goods to the warehouse which were not returned, the defendant offering no explanation other than speculation that they were stolen. The defense offered was that the warehouse receipt limited liability to $50 unless a higher value was placed on the merchandise, which the plaintiff had failed to do. The court found that the limitation of liability provision was unenforceable in light of its conclusion that (p 660): “proof of *925 delivery of the stored property to the warehouse and its failure to return that property upon proper demand suffices to establish a prima facie case of conversion and thereby renders inapplicable the liability-limiting provision, unless the warehouse comes forward with evidence sufficient to prove that its failure to return the property is not the result of its conversion of that property to its own use.” With respect to defendant’s evidence on this point it was indicated that (p 664, n 3): “the warehouse is required to show not merely what might conceivably have happened to the goods, but rather what actually happened to the goods. Defendant proved only that theft was possible, and presented no proof of an actual theft. Hence, the proffered explanation was inadequate as a matter of law.”
Although in a strong dissent Judge Jasen maintained that conversion could not be established without proof of “intentional wrongdoing by the bailee” (I.C.C. Metals v Municipal Warehouse Corp., supra, p 670), as a result of the majority’s presumption of conversion from the total failure to explain the loss, the grant of summary judgment to the plaintiff was affirmed.
Defendant argues that the I.C.C. Metals decision is not relevant to the case at bar because there the court was dealing with a limitation of liability provision which the last sentence of subdivision (2) of section 7-204 of the Uniform Commercial Code states is not “effective with respect to the warehouseman’s liability for conversion to his own use.” It contends that the Court of Appeals was there applying a public policy of prohibiting a person who converts property from obtaining a profit by selling same at an amount in excess of that for which it was contractually liable, but that such policy has no relevance to a shortened period of limitation provision.
From said case it is clear that in light of defendant’s explanation in this case that the goods must have been stolen by one of its employees, there has been a conversion of plaintiff’s goods.
The issue remaining is whether in light of such conversion which the Court of Appeals indicated in I.C.C. Metals (supra, p 663) is “an affirmative and intentional act of *926 misconduct”, this court should permit defendant to obtain the benefit of the short period in which to bring suit. On this question the following statement in I.C.C. Metals (supra, p 663) is quite pertinent: “when a warehouse converts bailed property, it thereby ceases to function as a warehouse and thus loses its entitlement to the protections afforded by the agreement of storage”. Although the court in that case was dealing with a limitation of liability where enforcement of the limitation would, as stated by the court, “encourage wrongdoing”, this court feels that an intentional wrongdoer should likewise be deprived of the contractual benefit shortening the time to sue. If the bailee were an individual who stole the stored property, an assertion by such thief of a contractual limitation period would clearly be rejected. Since a corporation can only act through its employees, should the court concern itself with the status of the employee (the president or a stockroom clerk) or whether the theft was approved by vote of the board of directors? The court thinks not.
The court finds that the agreement was not. intended to permit the warehouse to benefit from the short period of limitations in the event of an intentional taking of plaintiff’s property. Furthermore, an agreement so limiting a bailor’s right under such circumstances would not, in the opinion of this court, be reasonable. Hence, it would not be enforceable under the above-quoted provisions of subdivision (3) of section 7-204 of the Uniform Commercial Code. Hence, the action, having been brought within the three-year statutory period, is timely.
Accordingly, plaintiff’s motion for summary judgment on the second cause of action is granted and upon payment of the appropriate fees and the filing of a note of issue, the calendar clerk shall place this cause on the calendar for an assessment of damages. Defendant’s cross motion for summary judgment is granted with respect to the first, third, fourth and fifth causes of action which are based on breach of contract or negligence, the contractual time limitation being binding with respect to such claims, and denied with respect to the second and sixth causes of action.