(February 13, 1990)

▮ ROBERT P. MASON et al., Respondents, v 12/12 REALTY ASSOCIATES et al., Appellants, et al., Defendant.—

Plaintiffs are residential and commercial tenants of a loft which is subject to the Loft Law regulations enacted pursuant to the Multiple Dwelling Law. In 1983, upon consideration of an architect's plan which demonstrated that plaintiffs' loft showed occupational use of less than 49% (meeting the home occupation requirements of NY City Zoning Resolution § 15-13), the Department of Buildings (DOB) approved the plan. The building was later converted to condominium ownership. In 1986, the owner of the building submitted a revised architect's plan which proposed an enlargement of the portions of the loft devoted to commercial use. The DOB objected to this proposed enlargement as it violated Zoning Resolution § 15-13.

In 1987, the owner served plaintiffs with a notice to cure, alleging certain unauthorized alterations of the loft. In response, plaintiffs commenced an action seeking a preliminary injunction staying the effect of the notice to cure (a *"Yellowstone"* injunction). Plaintiffs amended their complaint for a permanent injunction since there was a diminution of elevator service in the building. The condominium was also added as a defendant.

The defendants filed an answer with counterclaims. The first counterclaim asserted that plaintiffs do not meet the criteria of the Zoning Resolution thereby preventing defendants from obtaining a certificate of occupancy and seeks a declaration to that extent. The second counterclaim seeks an injunction requiring plaintiffs to comply with the law governing home occupations, alleging that the commercial activities

of plaintiffs will further result in exposing the owner to civil and criminal penalties.

In August 1988, a new inspection of the loft was performed by the DOB. While the report noted several minor objections, it did not reveal any violations of the home occupation provisions of the Zoning Resolution. Based on this new report, plaintiffs moved to dismiss the first and second counterclaims. Justice Lebedeff granted plaintiffs' motion.

We are unpersuaded that defendants' counterclaims present a current justiciable controversy. The latest inspection report of the DOB demonstrates that there are no violations of the home occupation law of the Zoning Resolution as alleged by defendants which would impede the securing of a certificate of occupancy. Indeed, the minor objections raised by the DOB bear no relationship to the assertions by defendants of obstacles in securing the certificate of occupancy. The justification for defendants' position was rendered baseless once the DOB approved the very items alleged by defendants to preclude the issuance of a certificate of occupancy. Defendants' assertion that the latest inspection was erroneous is purely self-serving and unsupported by the record. Moreover, it is not the court's duty to substitute its judgment for that of an administrative agency vested with expertise in a subject matter such as this.

Defendants now urge that once a certificate of occupancy is issued, plaintiffs' activities will be violative of such a certificate, thereby subjecting defendants to potential civil and criminal penalties. However, whether or not the DOB will ever perceive the activities of plaintiffs to be violative of the certificate of occupancy in the future may not be answered now except by pure speculation and is thus an improper basis for a declaratory judgment. (See, American Ins. Assn. v Chu, 64 NY2d 379.) Indeed, defendants not having yet secured the certificate of occupancy, any declaration regarding alleged violations of the certificate is nonjusticiable. (Supra.) If plaintiffs violate the certificate of occupancy once it is issued, defendants may then serve a notice to cure and, absent compliance therewith, may maintain a summary proceeding. However, no such circumstances yet exist and thus defendants present no justiciable controversy for our resolution. Concur—Murphy, P. J., Sullivan, Ross, Asch and Smith, JJ.