OPINION OF THE COURT
Per Curiam.
Order dated April 2, 1993 reversed, with $10 costs and tenants’ cross motion for summary judgment dismissing the petition as time barred is granted.
Appeal from the order dated May 20, 1993 dismissed, without costs.
Landlord commenced this summary holdover proceeding in or about December 1992, on the ground that tenants had breached the "no alteration” provision of the parties’ rent-stabilized lease and, hence, violated a substantial obligation of their tenancy. In seeking summary judgment dismissing the petition, tenants argued, inter alla, that landlord’s claim was barred under either the six-year Statute of Limitations governing contract obligations (CPLR 213 [2]) or the residuary six-year Statute of Limitations for "an action for which no limitation is specifically prescribed by law” (CPLR 213 [1]). The court below denied the parties’ respective motions for summary judgment and both parties have appealed.
In applying a Statute of Limitations, we have been instructed to look to the reality and essence of the action (Goldberg v Sitomer, Sitomer & Porges, 97 AD2d 114, 117). The holdover petition pleads tenants’ violation of a specified lease provision. Since the underlying misconduct alleged is a breach of contract, the six-year limitations period applicable to actions upon contract (CPLR 213 [2]) should apply. We agree *775 with tenants that landlord’s claim accrued no later than December 1985, when tenants’ extensive and prolonged renovations, performed over the course of several months, were completed. Measured from that accrued date, this summary proceeding commenced in or about December 1992 was time barred and should have been dismissed. While landlord claims to have been ignorant of the wrong, the running of the statute in a breach of contract action may not be postponed from the time of the breach until actual discovery of the wrong or injury (see, Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 403-404). Nor could landlord prolong the Statute of Limitations by its delay in serving a notice to cure, since the general rule is that "the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete” (CPLR 206 [a]), i.e., when the wrong is committed, not discovered. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C206:l, at 348.) We disagree with the legally unsupported rationale of the dissent that the 10-day notice to cure is a substantive element of this breach of contract action. It is a procedural element of landlord’s prima facie case similar to a demand in a nonpayment proceeding.
Alternatively, even if it be concluded that this proceeding falls within that category of actions for which no period of limitations has been specifically prescribed (CPLR 213 [1]), the six-year statute would bar this proceeding.
Finally, no basis exists to equitably estop the tenants from asserting the Statute of Limitations, absent facts that tenants engaged in affirmative wrongdoing or concealment and that such conduct was responsible for landlord’s delay in bringing this holdover proceeding (General Obligations Law § 17-103 [4] [b]; see also, Simcuski v Saeli, 44 NY2d 442, 448-449; General Stencils v Chiappa, 18 NY2d 125, 127-128; DeGori v Long Is. R. R., 202 AD2d 549). We note that the purpose of all Statutes of Limitations is to "[put] disputes to rest and [require] suits to be brought while the evidence is fresh and available” (Continental Metals Corp. v Municipal Warehouse Co., 92 AD2d 477, 478 [Samuel J. Silverman, J., dissenting]; see also, Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429-430).