■ 1050 TENANTS CORP., Appellant, v STEVEN R. LAPIDUS et al., Respondents. [735 NYS2d 47] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about March 28, 2001, which, to the extent appealed from, granted defendants' cross motion for summary judgment dismissing plaintiff's first cause of action, unanimously reversed, on the law, without costs, defendants' cross motion denied and plaintiff's first cause of action reinstated.

Sometime in 1983, defendants installed a water-cooled air-conditioning system in their Park Avenue cooperative apartment. Defendants assert that the installation was done with the approval of the then Board of Directors; the present Board of Directors disputes that assertion. In any event, it is alleged by plaintiff cooperative corporation that water from defendants' air-conditioning system has repeatedly leaked into the apartment below, causing substantial damage there, in violation of defendants' contractual obligations owed to the cooperative corporation under their proprietary lease. Plaintiff's first cause of action seeks an injunction prohibiting defendants from operating their air-conditioning system and directing them to remove it from their apartment.

In response to a motion by plaintiff for summary judgment on its first cause of action for injunctive relief, defendants cross-moved for summary judgment dismissing that cause of action, arguing that the six-year statute of limitations (CPLR 213 [2]) had run by the time this action was commenced in May 2000.

The IAS court granted defendants' cross motion and dismissed the first cause of action. We reverse, and reinstate the cause of action.

Under the holding of the IAS court, if a Board of Directors is not sufficiently vigilant to prevent the installation of an illegal air-conditioning unit or to successfully obtain its removal within six years of its installation, it is then precluded from taking any action thereafter with respect to that installation, even though the unit may leak into apartments below, interfering with the rights of other cooperators. This is simply not the law.

If a lessee's conduct merely constitutes a violation of a lease provision, but is otherwise neither illegal nor an interference with the rights of other lessees, the Statute of Limitations may bar an untimely action to evict based upon the violation of the lease (*see, Westminister Props. v Kass*, 163 Misc 2d 773 [holdover action held untimely where tenants made substantial alterations without the landlord's consent in violation of no-alterations clause]). However, the holding of *Westminister Props.* (*supra*), is inapplicable where it is alleged that the complained-of conduct constituted not merely a violation of the lease, but a lease violation consisting of illegal conduct or conduct causing ongoing damage to other apartments.

Paragraph 19 of the proprietary lease provides in pertinent part that "The Lessee shall not permit or suffer anything to be done or kept in the apartment * * * which will interfere with the rights of other lessees or annoy such lessees by unreasonable noise or otherwise * * *. The Lessee will comply with all the requirements of the Board of Health and other governmental authorities and with all laws, ordinances, rules and regulations with respect to the occupancy or use of the apartment * * *. In addition to decorating and keeping the interior of the apartment in good repair, the Lessee shall be responsible for the maintenance or replacement of any * * * air conditioning units * * * and other similar equipment that may be in the apartment * * *." Thus, defendants, as proprietary lessees, owe the corporation the obligation to avoid any conduct that interferes with other lessees' rights, and to comply with all applicable laws and regulations.

The alleged violation of defendants' contractual obligations to comply with the law and refrain from interfering with the rights of other lessees amounts to a continuous or recurring wrong (*see generally*, 75A NY Jur 2d, Limitations and Laches, § 265, at 82; *see also, Meruk v City of New York*, 223 NY 271; *Fabini v Kammerer Realty Co.*, 14 Misc 2d 95). In such circumstances, the wrong is not referable exclusively to the day the original wrong was committed; rather, a cause of action accrues anew every day, and for each injury (75A NY Jur 2d, Limitations and Laches, § 265, at 82). "The rule that a cause of action accrues anew every day, or for each injury, applies whenever one unlawfully produces some condition which is not necessarily of a permanent character, and which results in intermittent and recurring injuries to another" (*id.* at 83). Like the maintenance of a continuous nuisance, such conduct is not immune from suit once it has continued past the limitations period.

Here, defendants' alleged ongoing use of an air-conditioning unit, the installation and operation of which was allegedly in violation of the law and which, it is claimed, has resulted in a condition of nuisance to the apartment below, states a continuous and recurring wrong which permits the accrual of a new cause of action for each day that the air-conditioning unit operates in this manner. If it is determined that defendants' ongoing maintenance of the air-conditioning unit indeed violated applicable law, or interfered with another lessee's rights, that conduct constituted a continuing, actionable breach of the proprietary lease, for which not only the affected tenants, but the corporation as well, remain entitled to seek injunctive relief.

We reject defendants' contention that absent a formal violation issued against defendants by the Buildings Department, plaintiff corporation can make no viable claim that the air-conditioning system violates the Building Code. Their reliance on *Mason v 12/12 Realty Assocs.* (158 AD2d 334) for this proposition is misplaced. The Court there merely noted that a declaratory judgment could not properly issue as to whether a contemplated *future* certificate of occupancy would be violated by the tenant's activities, since the Court could not say whether the Department of Buildings would perceive those activities to violate the certificate of occupancy (*id.* at 335). However, a court may conclude that a lessee's conduct violates an applicable Building Code provision regardless of whether the Department of Buildings has made a determination to that effect.

Accordingly, we reinstate the first cause of action seeking a permanent injunction. Concur—Tom, J. P., Andrias, Lerner, Saxe and Buckley, JJ.