■ DANIEL CAPRUSO et al., Respondents, v VILLAGE OF KINGS POINT et al., Appellants. (Action No. 1.) STATE OF NEW YORK, Respondent, v VILLAGE OF KINGS POINT, Appellant. (Action No. 2.) [912 NYS2d 244]—

In two related actions for certain declaratory and injunctive relief, the defendants in action No. 1 appeal, as limited by the joint brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated July 29, 2009, as granted the motion of the plaintiffs in action No. 1, for a preliminary injunction, conditioned on their posting of an undertaking, and denied their cross motion to dismiss the complaint in that action, and the defendant in action No. 2 appeals, as limited by the joint brief, from so much of an order of the same court dated November 18, 2009, as granted the motion of the plaintiff in action No. 2 for a preliminary injunction and denied its cross motion to dismiss the complaint in that action.

Ordered that the appeal from so much of the order dated July 29, 2009, as granted the plaintiffs' motion for a preliminary injunction is dismissed as academic; and it is further,

Ordered that the order dated July 29, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated November 18, 2009, is affirmed insofar as appealed from; and it is further,

878

Ordered that one bill of costs is awarded to the respondents.

In March 2009 the plaintiffs in action No. 1 (hereinafter the plaintiffs) commenced that action against the Village of Kings Point, the Village Mayor, and the Village Board of Trustees (hereinafter collectively the village defendants) seeking declaratory and injunctive relief predicated on allegations of the Village's current and proposed use of certain dedicated parkland (hereinafter the alleged parkland) for nonpark purposes without the approval of the New York State Legislature (hereinafter the State Legislature) in violation of the public trust doctrine (see Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630 [2001]). The plaintiffs moved for a preliminary injunction to prevent the Village from moving forward with its plans for the proposed use of the alleged parkland during the pendency of the action. The village defendants cross-moved to dismiss the complaint as time-barred and based on laches. In the order dated July 29, 2009, the Supreme Court, inter alia, granted the plaintiffs' motion, conditioned on their posting of an undertaking, and denied the village defendants' cross motion. The village defendants appeal from that order.

Meanwhile, in September 2009, when the plaintiffs were unable to post an undertaking in the amount required by the foregoing order, the State of New York (hereinafter the State), as parens patriae on behalf of its citizens and residents, commenced action No. 2 against the Village seeking similar declaratory and injunctive relief based on the public trust doctrine only with respect to the Village's proposed use of the alleged parkland for nonpark purposes without the approval of the State Legislature. Like the plaintiffs in action No. 1, the State moved for a preliminary injunction to prevent the Village from moving forward with its plans for the proposed use of the alleged parkland during the pendency of the action. In the order dated November 18, 2009, the Supreme Court, inter alia, granted the State's motion and denied the Village's cross motion. The Village appeals from that order.

Contrary to the appellants' contention, the statute of limitations did not bar the subject actions. A municipality's current and ongoing use of dedicated parkland for nonpark purposes without the approval of the State Legislature in violation of the public trust doctrine is a continuing wrong that the municipality has the ability to control and abate. Thus, here, although the Village purportedly has been using the alleged parkland for nonpark purposes without the approval of the State Legislature since, at the latest, around July 1946, insofar as the plaintiffs' second cause of action seeks declaratory and injunctive relief

predicated on allegations of the Village's current and ongoing use of the alleged parkland for certain nonpark purposes without the approval of the State Legislature in violation of the public trust doctrine, the plaintiffs' second cause of action is not time-barred (*see State of New York v CSRI Ltd. Partnership*, 289 AD2d 394, 395 [2001]; *Hampton Hgts. Dev. Corp. v Board of Water Supply of City of Utica*, 136 Misc 2d 906, 913 [1987], *affd* 140 AD2d 958 [1988]; *Fabini v Kammerer Realty Co.*, 14 Misc 2d 95, 98 [1958]; *see also Stalis v Sugar Cr. Stores*, 295 AD2d 939, 941-942 [2002]; *1050 Tenants Corp. v Lapidus*, 289 AD2d 145, 146 [2001]). Moreover, insofar as the plaintiffs' first cause of action and the State's first and second causes of action seek declaratory and injunctive relief based on the public trust doctrine to prevent the Village's proposed use of the alleged parkland for certain nonpark purposes without State Legislative approval pursuant to a plan first publicly announced by the Village in November 2008, those causes of action also are not time-barred (*see Matter of Jones v Amicone*, 27 AD3d 465, 470 [2006]).

Contrary to the village defendants' contention, the Supreme Court properly denied that branch of their motion which was to dismiss the plaintiffs' second cause of action on the ground of laches (*see Matter of Burke v Sugarman*, 35 NY2d 39, 45 [1974]; *Patrolman's Benevolent Assn. of Southampton Town, Inc. v Town of Southampton*, 2009 NY Slip Op 32660[U] [2009]; *see also Goodfarb v Freedman*, 76 AD2d 565, 572 [1980]).

The village defendants' contentions regarding the granting of the preliminary injunction in action No. 1 have been rendered academic, as that portion of the order has expired by its own terms (*see Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916 [2010]). With respect to action No. 2, contrary to the Village's contention, the Supreme Court providently exercised its discretion in granting the State's motion for a preliminary injunction insofar as the State demonstrated by clear and convincing evidence a likelihood of success on the merits, irreparable injury absent the granting of injunctive relief, and that a balancing of the equities is in its favor (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Tatum v Newell Funding, LLC*, 63 AD3d 911, 912 [2009]). Mastro, J.P., Balkin, Eng and Hall, JJ., concur.