*443 Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 18, 2012, which granted defendants’ motion to dismiss the amended verified complaint asserting causes of action for breach of contract and account stated as time-barred, unanimously affirmed, with costs.
Plaintiff seeks to recover amounts allegedly due pursuant to a consignment agreement. However, plaintiff’s May 18, 2011 customer statement indicates that the balance which it claims is due from defendant relates to three payments allegedly not made for goods sold prior to February 15, 2003. In contract actions, a claim generally accrues at the time of the breach (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]), and the statute of limitations is triggered when the plaintiff had the right to demand payment (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770-771 [2012]). Thus, the breach of contract claim brought in 2011 is barred by the six-year statute of limitations CPLR 213 (2). The contract provision that makes receipt of an invoice a condition for requiring payment from the vendor does not affect the accrual date of the breach of contract claim. While plaintiff argues that the amount sued for “did not become apparent until April 2008,” this argument is immaterial, since the existence of a cause of action for breach of contract does not depend upon a party’s knowledge that it has suffered an injury (see Varga v Credit-Suisse, 5 AD2d 289, 292 [1st Dept 1958], affd 5 NY2d 865 [1958]; see also Westminister Props. v Kass, 163 Misc 2d 773, 775 [App Term, 1st Dept 1995]).
The statute of limitations for a cause of action for an account stated is also six years (see CPLR 213 [2]; Erdheim v Gelfman, 303 AD2d 714 [2d Dept 2003], lv denied 100 NY2d 514 [2003]), and it accrues on the date of the last transaction in the account (see 75 NY Jur 2d, Limitations and Laches § 90; Joseph Gaier, P.C. v Iveli, 287 AD2d 375 [1st Dept 2001]). Plaintiff admitted that the items in the May 18, 2011 customer statement were not invoiced and payment demanded until July 2010. Since the date of the last transaction in the account is February 15, 2003, the statute of limitations on the account stated claim ran no later than February 15, 2009. Concur—Friedman, J.P, Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.