Arthur D. Brennan, J.
In this action for an injunction, the plaintiff town seeks to enjoin and restrain the defendant from the use to which he has put certain premises located in said town, and which use, it is alleged, constitutes a violation of the zoning’ ordinance adopted by the plaintiff in 1955.
In the main, the facts herein are not in dispute. It appears that in September of 1948, the defendant acquired title to the subject premises which have consisted and still consist of four unimproved lots. The defendant is in the moving and storage business but at no time has he maintained any building or office for the transaction of his business on the said premises. At all times since his acquisition thereof, he has used , these premises for the outdoor storage of his moving trucks, vans and trailers; in addition, the defendant has recently stored on said premises, some large packing boxes for the overseas shipment of furniture.
*1035 Under the 1955 zoning ordinance, the subject property is located in an “ RB ” or retail business district wherein certain enumerated uses are permitted and any use not therein specified is prohibited. The defendant does not dispute the charge that the use to which he has put his said premises is not one of those mentioned and allowed in such retail business zone. However, he asserts that his afore-mentioned use was lawful under the provisions of the zoning ordinance in effect immediately prior to the date on which the present ordinance became effective, and ho therefore contends that said nonconforming use may still be exercised by him pursuant to the provisions of section 6 of the present ordinance wherein it is provided that, subject to certain conditions therein mentioned, any use lawfully existing under said prior ordinance may be continued.
In determining this issue, it should first be observed that under the prior ordinance, the westerly half of the subject premises was located in a Business “A” Zone and the remaining or easterly half was located in a Business “ B ” Zone. In addition to the approval of certain other uses not here pertinent, section 5 of the prior zoning law permits any building or premises located in a Business “A” district to be used for “ Retail business uses ”. However, in limitation of such retail business uses, subdivision B of said section 5 prohibits the use of any building or premises in said district for any ‘ ‘ lunch wagon ”, “ gasoline filling station ”, “ new or used car lot ”, or for “ garages or automobile repair shops ”. In this court’s opinion, it clearly appears that the above-mentioned use of the westerly half of the defendant’s premises did not constitute a retail business use and the same was not a lawful use under the said prior zoning ordinance.
Turning now to the remaining portion of the defendant’s property formerly located in a Business “ B ” Zone, it should be noted that aside from the approval of certain other uses not here pertinent, section 6 of the aforesaid prior zoning ordinance permits any building or premises located in a Business “ B ” district to be used for “ those uses permitted in a Business “ A ” district”. However, under subdivisions (4) (a) and (4) (b) of said section 6, some, but not all, of the above-mentioned limitations (imposed on the “ retail business uses ” allowed and approved in § 5) were eliminated, and by the provisions of said subdivisions (4) (a) and (4) (b), a public or private garage, gasoline filling station, stable or automobile repair shop were permitted. From a consideration of all of the said provisions of section 6 of the prior zoning ordinance, it is this court’s view that the defendant’s contention that his afore-mentioned use of *1036 the easterly half of his premises was lawful, may not be sustained. The mere absence of any specific prohibition in said section 6 against a “ new or used car lot ” does not aid the defendant. Such a lot is commonly understood to be an open parcel of land used for the outdoor storage of motor vehicles which are held for the purpose of selling or hiring the same. But even if a broader definition were applied and such a lot were held to be an open place for the outdoor storage, for any purpose, of all kinds of motor vehicles, it is clear that this prohibition against, such a lot (as first contained in § 5 of said prior ordinance and not thereafter eliminated in § 6) would similarly continue to constitute a limitation on the retail business uses permitted in a Business “ B ” district. Nor can it reasonably be argued that the outdoor storage of trucks, vans and trailers constitutes a “ private garage ”, as allowed by the provisions of subdivision (4) (a) of said section 6 of the prior ordinance. It has been held that a “ garage ” is a building for the storage of motor vehicles (City of New York v. Pike Realty Corp., 126 Misc. 260); and indeed, a reading of the companion provisions contained in the following subdivision (4) (b) of said section 6 clearly indicates that in permitting a public or private garage in a Business “ B ” Zone, a building or enclosure was contemplated and intended.
In the light of the above, this court holds that the defendant has failed to establish any right to continue a lawful nonconforming use of the subject premises. In addition, this court holds that the defendant has failed to establish its claim that the prior and present zoning ordinances of the Town of Eastchester were or are illegal and confiscatory. The town was empowered to adopt these respective ordinances pursuant to the provisions of section 261 of the Town Law and the preceding statutory authority contained in chapter 715 of the Laws of 1926. Further, the defendant has not presented any proof showing that there has been any confiscation in fact. (See Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 232, and City of Yonkers v. Rentways, 304 N. Y. 499, 505.)
It may also be noted that from time to time, the plaintiff town has notified the defendant of his improper use of some, if not all, of the subject premises. In this court’s opinion, it makes little difference whether the plaintiff’s aforesaid objections related to the defendant’s use of all of the subject property, for it has been held that where, as here, the defendant knew or should have known that his use of said premises was unlawful, then despite its inactivity and failure to object, the municipality is neither chargeable with laches nor is it estopped from enforc *1037 ing its zoning law. (Village of North Pelham v. Ohliger, 216 App. Div. 728, affd. 245 N. Y. 593; and City of Yonkers v. Rentways, supra.)
Accordingly, the plaintiff may have judgment for a permanent injunction based only upon the defendant’s violation of the zoning ordinance. The contention that the 1955 sign ordinance has been violated, is not sustained.
Settle judgment on notice.