In the Matter of LILLIAN COHEN et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.

Third Department, May 25, 1972.

*Joseph M. Schwartz* for appellants.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan, Ruth Kessler Toch* and *Robert E. Netter* of counsel), for respondents.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term, entered June 30, 1971 in Albany County, which dismissed petitioners' application in a proceeding under CPLR article 78 to obtain service credits pursuant to section 33 of chapter 457 of the Laws of 1970.

Petitioners are employed by the Division of Employment in the State Department of Labor and are members of the New York Employees' Retirement System. Petitioners were initially employed by the United States Employment Service in the Federal War Manpower Commission during World War II after the New York State Division of Employment was federalized. Subsequent to World War II, the Division of Employment was returned to the jurisdiction of the State. By chapter 780 of the Laws of 1946 those employees who returned to or entered the State service were permitted to obtain credit in the retirement system for service during their employment with the United States Employment Service provided they made application therefor within six months of their return to State service. Petitioners and others failed to take advantage of the provisions of chapter 780 of the Laws of 1946. Section 33 of chapter 457 of the Laws of 1970, effective April 1, 1970, provided as follows: "A member of the New York State employees' retirement system in the employ of the New York state division of employment on March thirty-first, nineteen hundred seventy who was transferred to the employ of the federal war manpower commission when the state employment service was federalized during world war II and who returned to state service when the state employment service was returned to state control, may obtain retirement credit for his period of service with such commission by depositing in such retirement system an amount equal to the contributions he would have made during such period had he been a state employee, with regular interest. Such deposit must be made on or before March thirty-first, nineteen hundred seventy-one ".

This statute arose out of a collective bargaining agreement entered into between the State of New York and the Civil Service Employees' Association, Inc., covering the period from April 1, 1970 through March 31, 1972.

Petitioners applied for service credit pursuant to section 33 of chapter 457 of the Laws of 1970, and were denied such credit on the ground that they were not employees of the State Division of Employment who were transferred to the employ of the Federal War Manpower Commission when the State employment service was federalized.

It is clear that section 33 of chapter 457 of the Laws of 1970 applies only to those employees who are members of the State Employees' Retirement System in the employ of the New York State Division of Employment on March 31, 1970 who had been transferred to the employ of the Federal War Manpower Commission when the State employment service was federalized. Since petitioners admittedly were not in the employ of the New York State Division of Employment when it was federalized, there is no basis upon which the respondents could extend the benefits of the statute to them.

Petitioners' contention that the statute is unconstitutional in that it deprives them of the equal protection of the laws is also without merit. There is a strong presumption of constitutionality as to every legislative enactment as well as " a further presumption that the Legislature has investigated for and found facts necessary to support the legislation ". (*I.L.F.Y. Co.* v. *Temporary State Housing Rent Comm.,* 10 N Y 2d 263, 269.) The burden of demonstrating unconstitutionality beyond a reasonable doubt rested with petitioners. (*Lincoln Bldg. Assoc.* v. *Barr,* 1 N Y 2d 413; *New York State Thruway Auth.* v. *Ashley Motor Ct.,* 12 A D 2d 223, affd. 10 N Y 2d 151.) There is nothing in the record to establish that there is no reasonable basis for the legislation. The legislation in question was designed to cover those employees of the State who, through no choice of their own, were transferred to Federal service and arose out of an agreement negotiated by the representatives of the petitioners and those benefited thereby, and meets all constitutional requirements.

The judgment should be affirmed, without costs.

HERLIHY, P. J., SWEENEY, SIMONS and KANE, JJ., concur.

Judgment affirmed, without costs.