■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP W. (ANONYMOUS) and HENRY R. (ANONYMOUS), Appellants.—Appeal by defendants, as limited by their brief, from two sentences (one as to each defendant) of the Supreme Court, Kings County, both imposed July 12, 1973, adjudicating each of them a youthful offender, upon their guilty pleas, and imposing sentence. Sentences modified, as a matter of discretion in the interest of justice, by reducing them to the time already served. As so modified, sentences affirmed. The sentences were excessive to the extent indicated herein. Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY WILLIAMS, Appellant.—Appeal from a judgment of the Supreme Court, Kings County, rendered July 31, 1973, convicting defendant of possession of a weapon as a felony and criminal possession of a hypodermic instrument, upon a jury verdict, and sentencing him to a prison term of not more than six years on the weapon count and to a term of one year on the other count, the sentences to run concurrently. Judgment reversed, on the law, and new trial ordered. Appellant raised no factual questions on this appeal and none were considered. The trial testimony of defendant's own witness, Transit Authority Patrolman Stanley B. Shack, upon material issues, tending to disprove defendant's position at the trial, was contradictory of this witness's testimony at the suppression hearing. Defendant had the statutory right to impeach his witness by the introduction into evidence of such previous contradictory statements (CPL 60.35, subd 1). Criminal Term's denial of the opportunity so to do deprived defendant of a fair trial. Rabin, Acting P. J., Hopkins, Christ, Brennan and Munder, JJ., concur.

■ RICHARD'S SERVICE STATION, INC., et al., Respondents, v TOWN OF HUNTINGTON, Appellant, and SUFFOLK COUNTY POLICE DEPARTMENT, Respondent.—In an action to permanently enjoin the defendants from enforcing Local Law No. 3 (1974) of the Town of Huntington, known as the Tow Truck Law, the defendant town appeals, as limited by its brief, from so much an order-judgment of the Supreme Court, Suffolk County, entered December 9, 1974, as granted plaintiffs' motion for summary judgment in part, i.e., to the extent of adjudging certain portions of said law to be unconstitutional and enjoining their enforcement. Order-judgment modified, on the law, by striking the following from the first decretal paragraph thereof: "Section 54-9 (A)". As so modified, order-judgment affirmed insofar as appealed from, without costs. Subdivision A of section 54-9 of the local law in question forbids any person, firm or corporation to drive on any street or highway within the Town of Huntington (outside of village limits) for the purpose of soliciting towing work. In our view, such a prohibition is within the town's ordinance making powers and the holding in Wiggins v Town of Somers (4 NY2d 215) is not to the contrary. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Brennan, JJ., concur. [79 Misc 2d 834.]