Robert C. Williams, J.
Petitioners proceed pursuant to CPLR article 78 for an order enjoining respondent from administrating section 302 and subdivision k of section 341 of the Retirement and Social Security Law and declaring said sections unconstitutional.
Said above-mentioned sections provide additional service credit towards retirement benefits for policemen and firemen who are World War II veterans. Petitioners are Korean War veterans who contend they are being denied equal protection of the law by being excluded from said additional service credits.
Subdivision g of section 341 of the Retirement and Social Security Law provides service credit for service in war after World War I. Thus, Korean War veterans as well as World War II veterans are eligible for credit under this subsection. Petitioners argue that the additional credit allowed under subdivision k of section 341 for World War II veterans gives those veterans extra rights than Korean War veterans and is therefore unconstitutional.
It is clear from a reading of the statutes involved that the Legislature felt that World War II veterans were to be afforded extra service credits than veterans of other wars. The Legislature has not excluded any war veterans from credit benefits but it has merely provided World War II veterans with additional credit opportunities.
It is to be presumed that the Legislature has investigated for and found facts necessary to support the legislation. (Matter of Cohen v Levitt, 39 AD2d 141.) Statutes of this type, conferring benefits or preferences on one group of veterans and not other groups have been consistently upheld by the courts. (See Russell v Hodges, 470 F2d 212; Matter of Rubin v Conway, 273 App Div 559, affd 298 NY 711.)
The petitioners have not overcome the heavy burden upon one who attacks the constitutionality of a statute to establish such unconstitutionality beyond a reasonable doubt. (Nettleton Co. v Diamond, 27 NY2d 182.)
*808 Accordingly, the petition is dismissed.