■ RICHARD'S SERVICE STATION, INC., et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents.—In an action to permanently enjoin defendants from enforcing Local Law No. 2-78 of the Town of Huntington, plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated November 20, 1978, which denied their motion for a temporary injunction. Order modified, by adding after the words "motion is denied" the following: "except said motion is granted as to paragraph 2 of subdivision A and paragraph 3 of subdivision B of section 54-11 and paragraph 2 of subdivision D of section 54-12 of Local Law 2-78." As so modified, order affirmed, without costs or disbursements, and the action is remitted to the Supreme

Court, Suffolk County, for an immediate trial. "A careful and searching examination of all relevant factors" (7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.05) indicates that a trial may show that Local Law No. 2-78 (§ 54-11, subd A, par 2; subd B, par 3) of the Town of Huntington are unlawfully discriminatory against bordering nonresident towmen, and in violation of section 80 of the General Municipal Law, and that section 54-12 (subd D, par 2) of said Local Law is invalid (see *Richard's Serv. Sta. v Town of Huntington,* 79 Misc 2d 834, mod on other grounds 47 AD2d 963). The *pendente lite* enforcement of those portions of Local Law No. 2-78 would cause irreparable injury to plaintiffs if they were ultimately successful in this litigation. They are therefore entitled to a temporary injunction against enforcement of the stated portions of the ordinance. The determination as to all of the contested portions of Local Law No. 2-78 (including the contested portions not mentioned above) should await a trial, since the issues cannot be decided solely on the present record. The plaintiffs are directed to place this case on the calendar forthwith and Special Term is directed to prefer this action for trial. If plaintiffs should fail to comply with the foregoing condition or fail to be ready to proceed to trial when reached, the defendants may apply at Special Term for a vacatur of the injunction. Suozzi, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

Lazer, J., concurs in the modification of the order insofar as the motion for a temporary injunction is being granted as to Local Law No. 2-78 (§ 54-11, subd D, par 2) but otherwise dissents and votes to affirm the order as modified, with the following memorandum: Plaintiffs, all but two of whom are nonresident corporations engaged in the tow truck business, seek to enjoin enforcement of Local Law No. 2-78 (amendments to the Tow Truck Law of the Town of Huntington). The purpose of the Tow Truck Law as stated in the local law is "to prevent abuses in the towing industry whereby motor vehicles, disabled in the Town of Huntington were removed to distant places at the expense of the owner and without his or her knowledge or consent." In order to carry out the legislative purpose, the law provides for an "approved list" of tow truck operators to be called to the scene of a disabling occurrence by the Suffolk County Police Department on a rotating basis. To be eligible for the list, a tow truck operator must hold a valid towing business license from the Town of Huntington (town) and lease, own or operate and maintain a public garage or an automobile body repair shop, or an office and enclosed or fenced storage facility containing not less than 7,500 square feet of area in the town. In addition, licensees who fail to respond to a call within 30 minutes lose their turn on the rotating list. Plaintiffs concede that the town has the power to regulate the towing industry (see *Hempstead T-W Corp. v Town of Hempstead,* 13 Misc 2d 1054, affd 7 AD2d 637) but they contend, *inter alia,* that Local Law No. 2-78 is unnecessary, that it cures no manifest evil and it discriminates against nonresidents. Nevertheless, implicit in their arguments is the conclusion that some sort of regulation of the towing industry is desirable and that such regulations may take factors such as time and distance into account. Thus, they report favorably on the procedures which existed prior to adoption of Local Law No. 2-78 (which they assert renders the legislation unnecessary) pursuant to which the Suffolk County Police Department on its own initiative formulated two approved lists of towmen, one for heavy duty vehicle towing and one for passenger car towing, to be called on a rotating basis. According to plaintiffs the passenger car list contained the names of only seven nonresident towmen and, because there were only seven, "it cannot justifiably be said that the owner or operator of the

disabled vehicle will not know where his vehicle is stored". All seven towmen on the list were, "because of close geographic proximity," able to respond to a call within 30 minutes. All but one of the plaintiffs were on the police department list. Thus, the crux of plaintiffs' case is not that regulation is undesirable or that restrictions, such as a classification based on geographic location, may not be built into the regulatory scheme. They argue, in essence, that the legislative body discriminated against them when it drew the line where it did and that the area in which towers on the approved list must be located should be enlarged to include them. Traditional equal protection analysis is two-tiered: where a statute affects a fundamental interest or employs a suspect classification the strict scrutiny test has been applied; but otherwise classifications are subject to the standard of rationality which tests whether the challenged classification bears a reasonable relationship to some legitimate legislative objective, a test applied with great indulgence *(Alevy v Downstate Med. Center of N. Y., 39 NY2d 326)*. Classifications made by a legislative body are presumed to be reasonable and the party who assails them has the burden of demonstrating that they are not *(Gerzof v Gulotta,* 87 Misc 2d 768, mod 57 AD2d 821, app dsmd 42 NY2d 960; *Matter of Cohen v Levitt,* 39 AD2d 141). Unconstitutionality must be demonstrated beyond a reasonable doubt *(People v Scott,* 26 NY2d 286), and it is only as a last resort that courts strike down legislative enactments on grounds of unconstitutionality *(Wiggins v Town of Somers,* 4 NY2d 215). The Legislature is permitted to draw lines and legislation will not be deemed to violate the equal protection clause if it be reasonable and not arbitrary and bears a reasonable relationship to a permissible objective *(Village of Belle Terre v Boraas,* 416 US 1). A classification having some reasonable basis does not offend the Constitution merely because it is not made with mathematical nicety or because in practice it results in some inequality *(Morey v Doud,* 354 US 457; *Montgomery v Daniels,* 38 NY2d 41). It is assumed that the legislative body investigated the situation and found that legislation was needed or desirable and, if any state of facts known or assumed justifies the disputed measure, the court's power of inquiry ends *(Lighthouse Shores v Town of Islip,* 41 NY2d 7). Plaintiffs here have not shown that a classification based upon residence is a suspect classification (see *People v Gilbert,* 137 NYS2d 389, affd 307 NY 773; *People v Kraushaar,* 195 Misc 487), or that any state of facts which would sustain the legislation cannot reasonably be assumed. In the end, they are reduced to relying, not upon constitutional principles, but on section 80 of the General Municipal Law. That section provides that: "Any restriction or regulation imposed by the governing board of a municipal corporation upon the inhabitants of any other municipal corporation within this state, carrying on or desiring to carry on any lawful business or calling within the limits thereof, which shall not be necessary for the proper regulation of such trade, business or calling, and shall not apply to citizens of all parts of the state alike, except ordinances or regulations in reference to traveling circuses, shows and exhibitions, shall be void." This statute, which has been applied almost exclusively to efforts to regulate peddlers, appears to be irrelevant in view of plaintiffs' apparent concession that regulation of the towing industry is permissible and that area restrictions are necessary if the purpose of the legislation is to be effectuated. Section 80 bars regulations which unnecessarily fail to "apply to citizens of all parts of the state alike". If the statute is applicable to the current circumstances, the line drawn in Local Law No. 2-78 would be valid only if it corresponded to the borders of the State. Plaintiffs cite no other principles of law which would invalidate the bound-

ary limitations in issue here. On this record a classification based upon town boundaries is not prima facie irrational, baseless or illegal, and a trial is required to determine the merits of plaintiffs' contentions in this respect. The plaintiffs' further claim that Local Law No. 2-78 is void for vagueness is meritless. They urge that it is not known whether "public garage" means merely a public parking lot or storage facility or whether it includes a gas station. Clearly, a public garage is not a parking lot, for the phrase connotes a building for the storage of motor vehicles *(Town of Eastchester v Noble,* 2 Misc 2d 1034, affd 2 AD2d 714). However, the term, as generally understood, includes a place for the maintenance, caring for or repairing of automobiles or motor vehicles *(People ex rel. Corn Hill Realty Co. v Stroebel,* 209 NY 434; *Rice v Brehm,* 158 Misc 672; see General Municipal Law, § 72-j, subd 4, par a), and general repair service and auto body work *(Van Nostrand v Dalmata,* 43 AD2d 752) and also a place for a building intended for use as a gasoline filling station *(Northern N. J. Oil Co. v Board of Adjustment of City of Newark,* 6 NJ Misc Rep 698; see *First Church of Christ, Scientist, Newark, N. J. v Board of Adjustment of City of Newark,* 128 NJL 376). Although the plaintiffs allege that the phrase "heavy duty towing", as used in Local Law No. 2-78, is also fatally vague, they utilize the term when they refer to the list of towmen promulgated by the Suffolk County Police Department to do "heavy duty vehicle towing" and state that the list "worked well." If the phrase was intelligible when used by the police department there is no reason why it is not intelligible when utilized in the local law under current scrutiny. The majority's citation to *Richard's Serv. Sta. v Town of Huntington* (79 Misc 2d 834, mod on other grounds 47 AD2d 963) is inapposite. In that case a prior effort to regulate the tow truck business was invalidated because it provided that independent towmen (those not owning, leasing or operating body shops in Huntington) were not eligible for the "approved list" unless they had an "agreement" with such a facility in the town. The provision was deemed to place such towmen at the "mercy" of body shop owners. The current law has obviated that objection. Consequently, I respectfully dissent from the holding of the majority that plaintiffs have established the likelihood of their ultimate success on the merits as to warrant the preliminary injunctive relief granted. However, I must, on constraint of *Richard's Serv. Sta. v Town of Huntington (supra),* agree that section 54-12 (subd D, par 2) (relating to fees for repairs and storage charges) is invalid. Nevertheless, since the legislation under attack actually is an amendment to Local Law No. 3-74, which contains a severability provision, enforcement of the illegal section can be separately enjoined. With this one exception, I would affirm the order of Special Term.