OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter should be remitted with direction to enter judgment declaring section 17-26.1 of the Ordinances of the City of Utica invalid because in violation of section 80 of the General Municipal Law.
The city argues that its ordinance does not violate the section but has not contested its applicability to the facts of this case. The section voids “any restriction” by municipal ordinance or regulation of the carrying on of business by nonresidents, which restriction “shall not be necessary for the proper regulation of such * * * business.” Section 17-26.1 of the Ordinances of the City of Utica establishes a rotational towing service list which the police department uses to call tow trucks to the scene of accidents as needed. *735 Plaintiffs, individuals doing business under an assumed name, whose place of business is four tenths of a mile outside the city limits, have been excluded from the police department list, as a result of which they are never called by the police to the scene of an accident and, although they are not prevented from accepting tow jobs within the city, are not permitted to come within 100 feet of an accident scene.
The issue under section 80 is not whether there is a reasonable ground for such a restriction of nonresident tow truck operators but whether such a restriction is necessary. It was the burden of the municipality, which conceded that nonresidents were excluded from the rotational list, to go forward with evidence establishing necessity. However, the record contains no evidence to sustain Trial Term’s conclusion of law that the restriction against nonresidents was necessary for the proper regulation of police business. It was, therefore, error to grant judgment to the city declaring that the section of the ordinance in question was not in violation of section 80 of the General Municipal Law and not to grant judgment to plaintiffs making the contrary declaration.