■ GEORGE J. MATHYS, Doing Business as GEORGE'S SANITATION, et al., Respondents, v TOWN OF EAST HAMPTON et al., Appellants.—In an action, *inter alia,* for a judgment declaring that certain portions of the sanitary landfill ordinance of the defendant Town of East Hampton are unconstitutional, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 9, 1984, which, upon treating defendants' motion to dismiss the complaint for failure to state a cause of action as one for summary judgment, among other things, granted the same in favor of the plaintiffs, and declared East Hampton Town Code § 121-3 void in certain respects.

Order affirmed, with costs.

Plaintiffs, who are sanitation haulers and residents of the Town of Southampton, challenge a portion of the Town of East Hampton's sanitary landfill ordinance which provides that East Hampton residents may obtain disposal permits for an annual fee, whereas nonresidents may only obtain disposal permits (for garbage collected solely from within East Hampton), at a cost of $10 per load. As a result of the permit fee differential, it is substantially more expensive for a nonresident hauler than a resident hauler to conduct business in East Hampton.

The challenged portion of the ordinance is violative of General Municipal Law § 80 since defendants have failed to establish necessity for those portions of the ordinance *(Wharram v City of Utica,* 56 NY2d 733, 735). The purpose of the ordinance, as stated by defendants, is to prevent out-of-town garbage from being brought into East Hampton. The per-load permits are necessary, ostensibly, in order to "tag" nonresident haulers so that the garbage in their trucks may be "scrutinized". Notwithstanding the probable impossibility of distinguishing East Hampton garbage from that of any other town, the ordinance fails in its alleged purpose as it makes no provision for preventing East Hampton haulers from bringing out-of-town garbage into the town. Furthermore, assuming that identifying an out-of-town hauler is necessary to prevent the influx of foreign garbage into East Hampton, the defendants have failed to adequately explain why, in issuing different permits for residents and nonresidents, it is necessary to charge the nonresidents a substantially higher fee than resi-

dents. In view of the foregoing holding, it is not necessary to reach the issue of whether the ordinance violates the equal protection clauses of the State and Federal Constitutions.

Special Term properly granted summary judgment to plaintiffs on defendants' motion to dismiss the complaint, without the notice prescribed by CPLR 3211 (c). Here, as in *O'Hara v Del Bello* (47 NY2d 363), the motion to dismiss was made prior to service of an answer, the determination on the merits involved only a question of law which was argued by the parties on the motion and defendants had at no time identified or demonstrated the existence of any material factual issues. Furthermore, the defendants have made no showing as to how they were prejudiced by their failure to receive notice under CPLR 3211 (c). Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.