Requestor: Anthony J. Grant, Esq., Corporation Counsel City of White Plains Municipal Building 255 Main Street White Plains, New York 10601
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your request for an Attorney General's opinion as to the City of White Plains' authority to regulate towing companies doing business within the city.
Your letter notes that the City of White Plains currently has a towing ordinance which provides for police-initiated towing of abandoned and scofflaw vehicles found on public streets or property. The city selects towing companies in rotation from an approved list. The city is now considering expanding its regulation of the towing industry to include other aspects of towing. Contemplated legislation would license towing companies, set a limit on rates when the tow occurs within city boundaries, and require that towing companies doing business in the city have a place of business within the city.
Your initial question is whether section 1642(a) (15) of the Vehicle and Traffic Law precludes the city from enacting an ordinance regulating and licensing towing businesses.
Section 1642 of the Vehicle and Traffic Law grants cities with populations in excess of one million the authority to regulate in certain areas. Subdivision 15, referred to in your letter, gives such cities authority to regulate towing of motor vehicles and businesses engaged in towing. Section 1642, however, by its very terms applies only to cities having a population in excess of one million. Accordingly, its provisions do not govern regulations in the City of White Plains. Nor do its provisions necessarily imply that the power to regulate in these areas is lacking in cities with populations under one million.
Indeed, there is authority for cities with populations under one million to regulate the towing and storage of motor vehicles. The grant of police power under the Municipal Home Rule Law has been found to encompass a municipality's authority to license and regulate towing and storage businesses (Municipal Home Rule Law, § 10[1][ii][a][12]; Vehicle and Traffic Law, § 1640; Richard's Service Station, Inc. v Town ofHuntington, 79 Misc.2d 834, 837 [Sup Ct, Suffolk Co, 1974], mod47 A.D.2d 963 [2d Dept, 1975]; see also, Hempstead T-W Corp. v Town ofHempstead, 13 Misc.2d 1054 [Sup Ct, Nassau Col, affd 7 A.D.2d 637 [2d Dept, 1958]; General City Law, § 20[30]).
Your second question is whether a requirement in a towing regulation that a licensed towing business have a place of business within city limits where the private citizen might pay for the service and redeem his vehicle conflicts with the provisions of section 80 of the General Municipal Law.
Making the maintenance of a place of business within the city a prerequisite for licensure of all towing within city limits appears to be unreasonable. Under the proposed regulation, a resident of White Plains who wished to have his car towed from his driveway to a service station — located either within or beyond the city limits — could only hire a towing service with a place of business within the city. There does not appear to be any reasonable basis for such a requirement. In Richard's Service Station, Inc. v Town of Huntington (79 Misc.2d 834
[Sup Ct, Suffolk Co, 1974], mod 47. A.D.2d 963 [2d Dept, 1975]), the Court rejected a similar requirement in the Town of Huntington's towing ordinance:
 "[I]f a nonresident's motor vehicle became disabled through nonaccident he could not hire the services of an unlicensed tower operating from outside of the town to tow the car out of the Town of Huntington unless it had been first towed by a licensed tower to a body shop in the town. Such result is unreasonable and arbitrary and improperly discriminates against towers outside of the town (General Municipal Law, § 80)" (Richard's Service Station, Inc., supra, 79 Misc.2d at 837).
Furthermore, as noted in Richard's, section 80 of the General Municipal Law prohibits municipalities from discriminating against non-residents who wish to do business within the municipality. It provides:
 "Any restriction or regulation imposed by the governing board of a municipal corporation upon the inhabitants of any other municipal corporation within this state, carrying on or desiring to carry on any lawful business or calling within the limits thereof, which shall not be necessary for the proper regulation of such trade, business or calling, and shall not apply to citizens of all parts of the state alike, except ordinances or regulations in reference to traveling circuses, shows and exhibitions, shall be void".
In Wharram v City of Utica (56 N.Y.2d 733 [1982]), a towing ordinance of the City of Utica was challenged as being violative of section 80. The city ordinance established a rotational towing service list which the police department used to call tow trucks to the scene of accidents as needed. In order to be placed on the list, a tow truck operator's place of business had to be located within the city. The Court of Appeals concluded that this residence requirement was a restriction in violation of section 80 of the General Municipal Law:
 "The issue under section 80 is not whether there is a reasonable ground for such a restriction of nonresident tow truck operators but whether such a restriction is necessary. It was the burden of the municipality, which conceded that nonresidents were excluded from the rotational list, to go forward with evidence establishing necessity. However, the record contains no evidence to sustain Trial Term's conclusion of law that the restriction against nonresidents was necessary for the proper regulation of police business" (Wharram, 56 N.Y.2d at 735).
By requiring that all tow truck operators doing business in the city maintain a place of business within the city, a burden is placed on tow truck operators whose place of business is outside the city. In order for these non-resident operators to be eligible to do business within the city, they must maintain a second facility within the City of White Plains. You have not indicated the basis for such a broad restriction.
A requirement that tow truck operators be conveniently located might be justifiable for police initiated towing where response time and convenient redemption of vehicles are valid considerations. Even under these circumstances, however, a requirement of location in the city would be unreasonable, in our view, where tow truck operators outside city limits can offer the desired response time and redemption convenience. Furthermore, when applied to all towing in the city, including resident initiated towing requests made, for example, to a vehicle repair service located outside city limits, the restriction appears to be unrelated to any proper governmental purpose (see Mathys v Town of East Hampton,114 A.D.2d 842 [2d Dept, 1985]; Village Auto Body Works, Inc. v Town ofHempstead, 89 A.D.2d 612 [2d Dept, 1982]).
We conclude that a city may not require all motor vehicle towing businesses to maintain a place of business within the city in order to obtain a license to do any business in the city.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.