Requestor: Richard I. Cantor, Esq., Corporation Counsel City of Poughkeepsie P.O. Box 300 Poughkeepsie, New York 12602
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
Your office has requested our opinion as to whether a city may delegate to a private firm the towing, storage and disposition of motor vehicles abandoned within the city.
By way of background, we note that the Vehicle and Traffic Law and the regulations of the Department of Motor Vehicles set forth the procedure by which a municipality may impound, store and dispose of abandoned motor vehicles. Vehicle and Traffic Law § 1224; 15 NYCRR §§ 18.0, etseq. As set forth in section 1224, impoundment and disposal of the abandoned vehicles is a three-stage process: the assumption of ownership of the vehicle by the municipality; the determination as to whether the vehicle is suitable for operation on a public highway; and finally, the disposition of the vehicle.
With regard to the assumption of ownership, section 1224 provides alternative procedures depending on the value and condition of the vehicle. If an abandoned vehicle has a "wholesale value" of $750 or less, and has no license plates at the time of impoundment, the municipality will immediately assume ownership. Vehicle and Traffic Law § 1224(2).
For all other abandoned vehicles — i.e., vehicles with license plates, or with a wholesale value of over $750 (or both), the municipality must notify the vehicle's owner that the vehicle has been impounded and that it will be sold at public auction or by bid after ten days from the date of notice. Id., § 1224(3); 15 NYCRR § 18.4. If the vehicle is not claimed, the municipality assumes ownership ten days after the notice is given. In the alternative, the municipality assumes ownership ten days after it learns that the identity of the prior owner cannot be ascertained. Ibid.
After the municipality assumes ownership, it must determine if the abandoned vehicle is suitable for operation on the public highways. Vehicle and Traffic Law § 1224(5)(a). If the vehicle is so suited, and if the vehicle has a vehicle identification number,[1] it must be sold at a public auction to the highest bidder, or converted pursuant to subdivision 6 of section 1224. Id., § 1224(5). Subdivision 6 allows a municipality to convert to its own use, or convey to another municipality for its own use, abandoned vehicles which could serve a municipal purpose. Id., § 1224(6).
If the vehicle is not suitable for operation on the public highways, section 1224 provides that the municipality must sell the vehicle to a vehicle dismantler or scrap processor. Id., § 1224(5).
Section 1224 also provides that the proceeds from the sale or auction of abandoned vehicles are to be held by the municipality for the benefit of the owner of such vehicle for a period of one year. Id., § 1224(6). The municipality is authorized to deduct from this sum any expenses incurred for towing and storage. If unclaimed after one year, the proceeds shall be paid into the municipality's general fund. Ibid.
Finally, section 1224 makes the abandonment of motor vehicles an offense punishable by a fine of between $250 and $1000. Id., § 1224(7). The statute creates a rebuttable presumption that the owner caused the vehicle to be abandoned. Ibid.
Turning to your question, the request letter notes that the City of Poughkeepsie is considering implementing a new procedure for dealing with abandoned vehicles in the city. Under the proposed procedure, the city would contract with a licensed vehicle dismantler which would be responsible for towing the abandoned vehicles to a storage facility, where they would be kept pending notification of the last known owner. The city would retain responsibility for determining whether a particular vehicle is abandoned and for notifying the owner in accordance with section 1224. The towing charge and storage fee would be set by the City of Poughkeepsie through its negotiations with the contractor.
Your initial question is whether the city may delegate to a private contractor the responsibility for towing and storing the abandoned vehicles pending notification and disposal and whether any safeguards must be enacted to ensure the contractor's compliance with the Vehicle and Traffic Law.
Provided that the city retains responsibility for carrying out its duties under the Vehicle and Traffic Law, we see no reason why the towing and storage of these vehicles cannot be done by a private contractor. There is nothing in section 1224 or in Department of Motor Vehicles regulations which prohibits such an arrangement. Furthermore, it is common practice for a municipality to contract out the towing and storage of abandoned vehicles. See, Wharram v City of Utica, 56 N.Y.2d 733 (1982); Attorney General's Opinion No. 90-66; 1987 Ops Atty Gen (Inf) 68, 74, 147.
With regard to your concern that the city retain "sufficient control" over the seizure, storage and disposal procedures, we note that the contract negotiated by the city with the towing company should ensure that the city carries out its statutory responsibilities.
Your final question is whether the city may convey the abandoned vehicles to the contractor as payment after the notice requirement of section 1224 is met. As discussed above, section 1224 requires that impounded vehicles which are suitable for operation on the highway be sold at a public auction. Vehicle and Traffic Law § 1224(5). Directly conveying these operable vehicles to the contractor, without a public auction, would violate section 1224. See, 1981 Op Atty Gen (Inf) 165. Accordingly, we conclude that the city may not convey operable automobiles to its contractor as payment for towing and storage services.
The Vehicle and Traffic Law does not, however, require public auction of vehicles which are not suitable for operation on the highways. Section 1224 only requires that such vehicles be sold "to a vehicle dismantler or scrap processor". Vehicle and Traffic Law § 1224(5)(b). Under the city's proposal, only vehicle dismantlers and scrap processors would be eligible to serve as the towing and storage contractor. Conveyances of inoperable vehicles to these contractors, in return for towing and storage services, would be allowable under section 1224.
We conclude that a city may contract out the towing and storage of motor vehicles deemed abandoned by its police department under section1224 of the Vehicle and Traffic Law. Furthermore, the municipality may convey inoperable motor vehicles to the contractor as payment for the towing and storage services. Abandoned vehicles which are suitable for operation on the public highway, however, must be sold at public auction.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
[1] Abandoned vehicles which do not have vehicle identification numbers (VIN) must be sold only to vehicle dismantlers or scrap processors. Vehicle and Traffic Law § 1224(5)(c). If a municipality wishes to auction off or convert an abandoned vehicle without a VIN, it can apply to the State Department of Motor Vehicles for a new VIN. Id., § 1224(5)(c); 15 NYCRR § 18.7.