■ In the Matter of DUN-RITE TOWING, INC., Respondent, v VILLAGE OF TARRYTOWN et al., Appellants. [628 NYS2d 326] —In a proceeding pursuant to CPLR article 78 which was converted into an action, inter alia, for a judgment declaring that the licensing requirements of the Village of Tarrytown, enacted January 19, 1993, violate General Municipal Law § 80, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered December 17, 1993, which made the declaration.

Ordered that the judgment is reversed, on the law, with costs, and the matter is dismissed.

The petitioner was one of three companies licensed by the respondents (hereinafter the Village) to tow disabled, abandoned, or impounded motor vehicles for the Village's police department. The requirements to qualify for such a license have changed over the years and, in January 1993, the Village amended its licensing policy to require towing companies to maintain tow yards within one-half of a mile of the Village's borders in order to qualify for licensing. The petitioner's tow yard is approximately 1.7 miles from the closest Village border. Accordingly, the petitioner commenced this proceeding, arguing, inter alia, that the amended licensing policy violated General Municipal Law § 80 because it unlawfully discriminates against nonresidents. The Supreme Court held the challenged amendment to be invalid.

Because the petitioner failed to submit a timely application for a 1994 towing permit, its claim that such an application would have been denied based on the location of its tow yard is speculative. Indeed, the petitioner's towing license for 1993, the first year the regulation was in effect, was honored despite the nonconforming location of its tow yard. Thus, the issue presented is not ripe for adjudication, and the petitioner lacks standing (see, Weingarten v Town of Lewisboro, 77 NY2d 926; American Ins. Assn. v Chu, 64 NY2d 379, cert denied 474 US

803; *Town of Islip v Zalak,* 165 AD2d 83; *Phelan v City of Buffalo,* 54 AD2d 262; 43 NY Jur 2d, Declaratory Judgments and Agreed Case, §§ 19, 140). In any event, were we to reach the merits of the petitioner's claim, we would hold that the challenged amendment neither requires residency nor discriminates against nonresidents of the Village. Thus, it does not violate General Municipal Law § 80 *(see, e.g., Wharram v City of Utica,* 56 NY2d 733; *Mathys v Town of E. Hampton,* 114 AD2d 842; *Village Auto Body Works v Town of Hempstead,* 89 AD2d 612; *Richard's Serv. Sta. v Town of Huntington,* 70 AD2d 905). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.