Informal Opinion Richard W. Hoyt, Esq. Town Attorney Town of Montgomery P.O. Box 402 Walden, New York 12586
Dear Mr. Hoyt:
You have requested an opinion as to whether the town may adopt local legislation to license tow truck operators and establish a rotational "tow-of-the-day" list for use by police requesting tow truck operator assistance for removal of disabled motor vehicles at accident scenes. The town does not have a local law governing tow truck operators and currently uses a rotating "tow-of-the-day" list maintained by the New York State Police.
The town is contemplating the enactment of a local law to license tow truck operators and establish a rotational towing service list for response to motor vehicle accident scenes. Presumably, the list would be used when the driver of a disabled vehicle is unable or does not desire to request the services of a particular towing company. The law would enable the town to determine through a background check whether a tow truck operator should be issued a license. Also, only tow truck operators called for assistance from the rotational list would be authorized to perform towing and it would be unlawful for unauthorized tow truck operators to solicit business by "cruising for a tow" at accident scenes.
The basis for the law is the finding that the presence of numerous tow truck operators causes unnecessary traffic congestion and chaos at accident scenes. The town is also concerned with safety, orderly removal of disabled vehicles and proper police accident investigation.
In our view, the enactment of the proposed local law falls within the so-called "police power" of the town which enables it to enact local laws to protect the health, safety and well-being of persons and property. Municipal Home Rule Law § 10(1)(ii)(a)(12). Also, under section136 of the Town Law, a town board may enact an ordinance to license and regulate "vehicles for the transportation of persons or property over or upon the streets of a town for hire, and soliciting either on private property or on the public highway". Further, local governments are authorized to "adopt local laws providing for the regulation or licensing of occupations or businesses . . .". Municipal Home Rule Law §10(1)(ii)(a)(12).
Local legislation licensing and regulating towing, including the establishment of a rotating list, has been upheld. Wharram v. City ofUtica, 56 N.Y.2d 733 (1982); Richard's Service Station, Inc. v. Town ofHuntington, 79 Misc.2d 834 (Sup Ct Suffolk Co 1974), mod, 47 A.D.2d 963
(2d Dept 1975); Hempstead T-W Corp. v. Town of Hempstead, 13 Misc.2d 1054
(Sup Ct Nassau Co 1958), affd, 7 A.D.2d 637 (2d Dept 1958); People v.Francis, 53 Misc.2d 6061 (Dist Ct Nassau Co 1967); see also, Op Atty Gen (Inf) No. 90-66, 1981 Op Atty Gen (Inf) 104.
The Court of Appeals in Wharram, supra, held that a rotational towing service list, established in accordance with the City of Utica's towing ordinance and used by the police department to call tow truck operators to the scene of accidents, could not unnecessarily omit nonresident tow truck operators from inclusion on the rotational list. The Court determined that the exclusion of nonresident tow truck operators from the rotational list violated General Municipal Law § 80, which in part provides:
 Any restriction or regulation imposed by the governing board of a municipal corporation upon the inhabitants of any other municipal corporation within this state, carrying on or desiring to carry on any lawful business or calling within the limits thereof, which shall not be necessary for the proper regulation of such trade, business or calling, and shall not apply to citizens of all parts of the state alike . . . shall be void.
The Court found that the city failed to show that an ordinance excluding nonresident tow truck operators from a rotational towing service list, used by police to call tow truck operators to motor vehicle accident scenes, was necessary to regulate police business. The Court held that requiring a tow truck operator to maintain a place of business within the city, in order to be placed on the rotational tow truck list, violated General Municipal Law § 80:
 The issue under section 80 is not whether there is a reasonable ground for such a restriction of nonresident tow truck operators but whether such a restriction is necessary. It was the burden of the municipality, which conceded that nonresidents were excluded from the rotational list, to go forward with evidence establishing necessity. However, the record contains no evidence to sustain Trial Term's conclusion of law that the restriction against nonresidents was necessary for the proper regulation of police business. Wharram, supra, at 735.
Thus, the Court implicitly recognized the authority for the list but found that it was under-inclusive.
In Op Atty Gen (Inf) No. 90-66, a city had enacted a towing ordinance to establish a rotational towing service list for police-initiated towing of abandoned and scofflaw vehicles. The city then sought to expand the ordinance to regulate towing businesses through licensing, limiting rates and requiring that a tow truck operator maintain a place of business within the city. While finding authority for the regulations, we concluded that the requirement that all towing businesses maintain a place of business within the city in order to obtain a license violated General Municipal Law § 80.
 A requirement that tow truck operators be conveniently located might be justifiable for police initiated towing where response time and convenient redemption of vehicles are valid considerations. Even under these circumstances, however, a requirement of location in the city would be unreasonable, in our view, where tow truck operators outside city limits can offer the desired response time and redemption convenience.
Op Atty Gen (Inf) No. 90-66.
We have concluded that a town could establish a rotational towing service list of qualified tow truck operators to tow disabled, abandoned and illegally parked vehicles. 1981 Op Atty Gen (Inf) 104.
In Richard's Service Station, Inc. v. Town of Huntington, supra, the Appellate Division upheld a provision of the town's tow truck law prohibiting driving on any street or highway, outside of village limits, for the purpose of soliciting towing business. The court determined that the provision was within the town's ordinance-making powers.
Similarly, in Hempstead T-W Corp. v. Town of Hempstead, supra, the lower court upheld the town's towing ordinance, which prohibited solicitation of towing work and required that the owner of the disabled vehicle, his authorized representative or the police request the presence of a towing company. The court commented:
 What it does prohibit is unregulated solicitation that interferes with free choice by the damaged car owner who is in a poor position or condition at that moment to properly protect himself, the racing to the scene of an accident by tow car operators to first solicit and garner the towing contract with the resultant interference with the rights of other motorists and traffic in general, and the interference with the proper police investigation and other necessary police work at the scene of the accident. Hempstead T-W Corp., supra, at 1059.
The court also upheld the town's licensing provisions permitting only responsible tow truck operators to hold a license.
Further, in People v. Francis, supra, a tow truck operator was convicted of violating a local ordinance prohibiting solicitation of business at an accident scene. An unauthorized tow truck operator had appeared at the scene of an accident. When the police directed the tow truck operator to leave, he refused. The court determined that the tow truck operator refused to leave the scene in order to solicit the tow.
We therefore conclude that the town may enact a local law to license tow truck operators and establish a rotational towing service list to be used by police to request tow truck operators' assistance at motor vehicle accident scenes. The town, however, must comply with section 80
of the General Municipal Law. We also conclude that such legislation may prohibit "cruising for a tow" by unauthorized tow truck operators attempting to solicit business.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JULIA RYAN CHRIST
Assistant Attorney General