Louis J. Viglotti Informal Opinion Village Attorney No. 2008-9 Village of Wappingers Falls 1136 Route 9 Wappingers Falls, NY 12590
Dear Mr. Viglotti:
You have requested an opinion regarding whether the Village is authorized to enact a local law that would require tow truck operators included on the Village's rotational tow list to tow vehicles to a tow yard within the Village's boundaries. You have indicated that the justification for such a requirement is to make it easier for village residents to retrieve their towed vehicles. You have confirmed that the language of the local law would not distinguish between tow companies located within the Village and those located outside the Village; that is, all tow companies included on the Village's rotational list, wherever located, would be required to tow vehicles to a storage lot within the Village. As explained more fully below, we are of the opinion that such a local law would not violate General Municipal Law § 80.
I. Background
The Village generally has authority under state law to regulate the towing business. Richard's Serv. Station, Inc. v. Town ofHuntington, 79 Misc. 2d 834, 837 (Sup.Ct. Suffolk County 1974);modified by 47 A.D.2d 963 (2d Dep't 1975). We have previously opined that establishing a rotational tow list, whereby the municipal police call particular tow companies on a rotating basis when vehicles need to be towed, falls within a municipality's police power. See Op. Att'y Gen. (Inf.) No. 97-37; Op. Att'y Gen. (Inf.) No. 81-104. Moreover, such lists have been implicitly recognized by courts. See Wharram v. City ofUtica, 56 N.Y.2d 733 (1982); Matter of Dun-Rite Towing, Inc. v. Villageof Tarrytown, 215 A.D.2d 654 (2d Dep't 1995). *Page 2 
General Municipal Law § 80 establishes a limitation on the exercise of this power. Section 80 provides that
 [a]ny restriction or regulation imposed by the governing board of a municipal corporation upon the inhabitants of any other municipal corporation within this state, carrying on or desiring to carry on any lawful business or calling within the limits thereof, which shall not be necessary for the proper regulation of such trade, business or calling, and shall not apply to citizens of all parts of the state alike, except ordinances or regulations in reference to traveling circuses, shows and exhibitions, shall be void.
General Municipal Law § 80. Section 80 thus applies only to a local ordinance or regulation that treats the inhabitants of the regulating corporation differently from the inhabitants of other places; such a provision is void unless it is shown to be necessary for the proper regulation of the relevant business.
II. Analysis
Historically, General Municipal Law § 80 was applied to invalidate local laws regulating peddlers. Thus, section 80 invalidated ordinances or local laws that established residency requirements for peddlers. See,e.g., People v. Hervieux, 134 Misc. 711 (County Ct. Washington County 1929); Schrager v. City of Albany, 197 Misc. 903 (Sup.Ct. Rensselaer County 1950) . In contrast, section 80 did not invalidate ordinances or local laws that gave favorable treatment to vendors, regardless of residence, who maintained a store or warehouse within the city.Sperling v. Valentine, 176 Misc. 826 (Sup.Ct. N.Y. County 1941) (exempting such vendors from licensing requirement otherwise applicable to itinerant vendors of foodstuffs). The critical distinction was between laws that made distinctions based on residence, and laws that made other distinctions. The Sperling court observed that under the law in question, "a non-resident with a warehouse in the city would be exempt while a resident with no place of business for the handling of foodstuffs is subject to the license." Id. Accord, Price v. Horton,170 Misc. 899, 901 (Sup.Ct. Suffolk County 1939) (upholding local law that exempted from the licensing requirement for peddlers those who had "a regularly established store or warehouse" within the town). *Page 3 
Many of the more recent cases applying section 80 involve local restrictions on towing, and purport to apply to towing businesses the same principles earlier applied to peddlers.[1] Thus, a local law that requires a towing business to maintain a place of business within the municipality, like a residency requirement, is void under section 80 unless it is supported by evidence that it is necessary for the proper regulation of the towing business. See Wharram, 56 N.Y.2d at 735;Village Auto Body Works, Inc. v. Town of Hempstead, 89 A.D.2d 612 (2d Dep't 1982). In contrast, a local licensing policy that required tow companies, no matter where located, to maintain a tow yard within a half-mile of the licensing village's borders "neither requires residency nor discriminates against nonresidents of the Village." Matter ofDun-Rite Towing, Inc. v. Village of Tarrytown, 215 A.D.2d 654, 655 (2d Dep't 1995).
While not free from doubt, in our opinion the regulation proposed by the Village should survive a challenge based on section 80, because it neither requires residency within the Village nor discriminates against nonresidents of the Village, and therefore need not be justified as "necessary" under section 80. You have advised that the plain language of the local law would not distinguish between tow companies based on the location of their place of business. As you have described it, the proposed local law would not require tow companies to own or maintain a storage yard within the Village — requirements perhaps more akin to requiring a place of business within the Village — but simply to tow to a storage yard within the Village. Thus, a tow company, whether located within the Village or outside the Village, would be eligible for the Village's rotational list if it was authorized to tow cars to a lot within the Village, whether it was a lot owned by the company, space leased by the company, space used by the company pursuant to an arrangement with the owner of the lot, or even a municipal storage yard. Such a provision, in our opinion, applies to citizens of all parts of the State alike, making no distinction between resident tow companies and nonresident tow companies.
We caution, however, that a local law such as you have proposed could possibly be viewed as a subterfuge to prevent nonresident tow companies from inclusion on the Village's *Page 4 
rotational tow list, in violation of General Municipal Law § 80.See Wharram, 56 N.Y.2d 733, 735 (nonresident tow companies having been excluded from rotational list, municipality had the burden of establishing that such exclusion was necessary). If, in practice, local tow companies tow only to yards owned or maintained by them, a court may find that the Village's licensing requirement is akin to requiring a place of business within the Village, and the Village will be required to demonstrate that the requirement is necessary for the proper regulation of the towing business within the Village.
The approach most likely to withstand challenge would be a licensing provision analogous to the one upheld in Dun-Rite, requiring tow companies on the rotational list to use tow yards not necessarily within the Village, but rather within a certain distance of the Village's boundaries. Such a provision would have the benefit of theDun-Rite precedent and would better serve the stated purpose of the proposed law, namely convenience of redemption. We can foresee instances where a tow yard located a short distance from the Village would allow more convenient redemption of a vehicle than would a tow yard located across the Village. See Op. Att'y Gen. (Inf.) No. 90-66 ("[A] requirement of location in the city would be unreasonable, in our view, where tow truck operators outside city limits can offer the desired response time and redemption convenience.").
Finally, you should be aware that federal law raises issues of federal preemption in certain circumstances; certain types of local laws regulating towing must be genuinely responsive to safety concerns to avoid preemption. See City of Columbus v. Ours Garage Wrecker Serv.,Inc, 536 U.S. 424 (2002); Loyal Tire Auto Center, Inc. v. Town ofWoodbury, 445 F.3d 136, 145 (2nd Cir. 2006); andAuto. Club of N.Y. v. Dykstra, 520 F.3d 210 (2nd Cir. 2008).
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] While section 80 affords protection only to the "inhabitants" of municipal corporations other than the regulating corporation, the courts have uniformly treated a towing business located outside the regulating municipal corporation as such an "inhabitant" for these purposes.See, e.g., Wharram v. City of Utica, 56 N.Y.2d 733. *Page 1