■ In the Matter of the Accounting of DOROTHEA A. SHEARN, as Executrix of CLARENCE J. SHEARN, Deceased, Appellant. CHARLES H. BIRDSALL, Respondent.— Motion to dismiss appeal as untimely or for alternative relief. Motion to dismiss appeal granted, without costs, and appeal dismissed. (Surrogate's Ct. Act, § 293; cf. *Matter of Stern Bros.* [*Livingston*], 2 A D 2d 553, affd. 3 N Y 2d 964.) Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ LENA THIBAULT, as Committee of the Person and Property of LORETTA SLATER, an Incompetent, as Administratrix of the Estate of BERNARD SLATER, Deceased, Respondent-Appellant, v. CITY OF NEW YORK, Appellant, and OHIO BRASS COMPANY et al., Respondents. CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v. BROADWAY MAINTENANCE CORPORATION et al., Third-Party Defendants-Appellants.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. Motion by the City of New York, as third-party plaintiff-respondent, to resettle order dated July 21, 1958 (*ante,* p. 904) denied, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ BETTY GAVITZ et al., Respondents, v. CITY OF NEW YORK, Defendant, and STEWART's FERRY FOOD SERVICE, INC., Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order conditionally denying appellant's motion to dismiss the complaint as to it for the alleged failure diligently to prosecute the action. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ LOUIS GOLDBERG, Respondent, v. NEWS SYNDICATE Co., INC., et al., Appellants.— In an action to recover damages for libel, the appeal is from a judgment entered on a jury verdict for $50,000. Judgment reversed and a new trial granted, with costs to abide the event, unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the amount of the verdict to $15,000, in which event the judgment as so reduced is unanimously affirmed, without costs. In the light of the nature of the publication and all other material elements of the proof, the verdict was grossly excessive. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ HEMPSTEAD T-W CORP. et al., Appellants, v. TOWN OF HEMPSTEAD et al., Respondents.— In an action for a judgment declaring void and unconstitutional several sections of an ordinance of the Town of Hempstead regulating the operation of tow cars and to restrain the enforcement thereof, the appeal is from a judgment entered after trial dismissing the complaint. The sections to which appellants object refer to the solicitation of tow work on streets and bridges, the issuance of licenses upon considerations of public convenience and necessity, the temporary suspension of such licenses pending hearing, and the requirement of reports, by licensed drivers and helpers, of arrests and summonses. The trial court held, variously, that the sections were valid, and that appellants had no current grievances thereunder. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [13 Misc 2d 1054.]