■ In the Matter of ROBERT L. WOLFRAM et al., Appellants, v BRUCE ABBEY et al., Respondents.—Appeal from a judgment of the Supreme Court, entered July 17, 1975 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78 to amend a determination of the Zoning Board of Appeals of the Town of Chenango, but continued the proceeding as a declaratory judgment action (CPLR 103, subd [c]) and declared certain provisions of the Zoning Ordinance of the Town of Chenango to be constitutional. Special Term was correct in dismissing petitioners' article 78 proceeding since it was not timely commenced within

30 days after filing of the decision of the zoning board of appeals with the office of the town clerk (Town Law, § 267, subd 7). Clearly, this court cannot review the determination of the zoning board of appeals to ascertain if its action was arbitrary, capricious or lacking in a rational basis. Necessarily, our review is restricted to petitioners' constitutional objections to section 1201 of the town's zoning ordinance, which in pertinent part provides: "All building and use permits, an *[sic]* all areas, ascertained by the Ordinance Administrator as subject to flood conditions, shall obtain from the Zoning Board of Appeals a Special permit, provided that the following standards and controls are complied with: 1. Elevation of the lowest floor to be used for any dwelling purpose in any residential structure shall be equal to or higher than the elevation of the high water level as determined by the Enforcement Officer in accordance with previous flood records. * * * 4. Any other controls or restrictions which are deemed necessary to minimize or eliminate damage to buildings and structures from flood waters as shall be required by the Board of Appeals." Petitioners' first contention that the wording of the first sentence of section 1201 is so vague and indefinite as to render the section unconstitutional is meritless. While the sentence does contain a typographical error and, perhaps, might have been more artfully drafted, it can easily survive a constitutional attack since neither unskilled draftsmanship *(Lane v Johnson,* 283 NY 244, 257) nor the fact that a better ordinance might have been drafted *(Hempstead T-W Corp. v Town of Hempstead,* 13 Misc 2d 1054, affd 7 AD2d 637) is error of a dimension requiring a judicial finding of unconstitutionality. Despite the grammar and typographical error, the first sentence of 1201, giving the words used their normal and natural import, clearly conveys the sense that a special permit is a prerequisite to the issuance of building and use permits in all areas ascertained by the ordinance administrator as subject to flood conditions. Petitioners' allegation that section 1201 is an unconstitutional delegation of legislative authority to an administrative officer without adequate standards or guidelines is likewise without merit. The objective of the subject zoning ordinance is the regulation and restriction of property uses in order to promote safety, based on past experience with the heights to which flood waters ascend in the area of petitioners' home. Clearly, such an objective is within the competence of the zoning authority and the object sought to be achieved is in furtherance of the general welfare of the community *(Matter of Aloe v Dassler,* 278 App Div 975, affd 303 NY 878). Nor is the reference to "previous flood records" in subdivision 1 of section 1201 lacking in specificity, since such records in the subject area are officially compiled by the Baltimore District of the United States Army Corps of Engineers, and the Town Board of Chenango made such Federal flood records part of the town's official flood map plan. Petitioners' constitutional challenge to subdivision 4 of section 1201 is not before us for review. They were denied a special permit under subdivision 1, and no attempt was made to impose any controls or restrictions on the property under subdivision 4. Petitioners lack standing to challenge the latter subdivision of section 1201. Lastly, while we are cognizant that the ordinance administrator told petitioners that they could construct a modular home on their lot, we are precluded from considering the doctrine of equitable estoppel as that issue did not survive the dismissal of petitioners' article 78 proceeding. In any event, the rule is well settled that a municipality cannot be estopped from enforcing its zoning laws *(City of Yonkers v Rentways,* 304 NY 499), nor may it be estopped by erroneous acts of its administrative employees *(Matter of Newcomb v New York State Teachers' Retirement System,* 43 AD2d 353,

affd 36 NY2d 953). Estoppel is not applicable where the sovereign acts governmentally (21 NY Jur, Estoppel, § 76; see *Matter of Gavigan v McCoy,* 37 NY2d 548) unless, unlike herein, such exceptional facts exist as would require the municipality to be estopped since "manifest injustice" would otherwise result (see *Eden v Board of Trustees of State Univ. of N. Y.,* 49 AD2d 277). Petitioners were required to obtain a building permit and, because of the location of their lot, a special permit (zoning ordinance, § 1201) prior to the construction of their modular home. They did neither, and since the constitutional challenge to section 1201 of the Zoning Law of the Town of Chenango cannot be sustained, the judgment below must be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.