■ VIRGINIA M. DONAHUE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 42901.)—Judgment unanimously affirmed, without costs. Memorandum: Claimants seek to recover for damages to a building caused by the raising of grade levels of adjoining streets and sidewalks by the State. Less than 20% of the land on which the building was situated was owned by claimants; the remainder lay within rights of way of two streets on which claimants had frontage and which were owned by the City of Oswego. The State raised as a defense claimants' substantial encroachment on city property, asserting that claimants were not entitled to recover

for damages to improvements placed within the roadway limits. Claimants contend that the State was estopped from denying liability as the city allowed this encroachment to exist for 46 years. As a rule, estoppel may be invoked against a municipality acting in a governmental capacity only in exceptional circumstances, where a manifest injustice would otherwise result *(Matter of 1555 Boston Rd. Corp. v Finance Administrator of City of N. Y.,* 61 AD2d 187; *Matter of Wolfram v Abbey,* 55 AD2d 700, 702). Estoppel does not arise simply because the municipality acquiesced in the construction of improvements by a person who should have known that the improvements were within the boundaries of dedicated streets (21 NY Jur, Estoppel and Waiver, §§ 82, 84; see *Schillawski v State of New York,* 9 NY2d 235; *City of Mount Vernon v New York, New Haven & Hartford R. R. Co.,* 232 NY 309, rearg den 233 NY 685; *Hewitt v Town of Scipio,* 32 AD2d 734, affd 26 NY2d 934; *City of Geneva v Cayuga Oil Co.,* 135 Misc 673). Furthermore, the levying and collection of taxes by the City of Oswego on 67% of the land does not estop the municipality from asserting title to the premises (see *City of Mount Vernon v New York, New Haven & Hartford R. R. Co., supra,* p 319). Assuming that a claim of estoppel which may be raised against the municipality could also be raised against the State, we find neither exceptional circumstances nor manifest injustice to support an application of the doctrine here. Since the city would not be estopped from asserting title to the roadway rights of way, the State may raise as a defense claimants' nonownership of more than 80% of the land on which the building was situated. The question remains whether claimants were entitled to receive damages for the portion of the building located on their property. It is evident from the proof that the damage to the building resulting from the change in grade levels of the streets and sidewalks would not have occurred had the structure been located on claimants' land. Consequently, there is neither a reason to apportion damages nor any basis upon which to do so. Accordingly, the judgment should be affirmed. (Appeal from judgment of Court of Claims—Highway Law—change of grade.) Present—Moule, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.