William W. Oliver, Esq. Assistant Corporation Counsel, Schenectady
You have asked several questions in relation to the licensing of plumbers and electricians.
Your first question is whether a city may deny a license based upon moral turpitude and/or prior criminal conviction of an applicant. Cities are authorized to enact ordinances to "examine, license and regulate" electricians (General City Law, § 20[27]). They may also license and regulate plumbers and may in the licensing process determine the "fitness and character" of applicants (id., Art 4, § 44). All local governments are authorized to adopt and amend local laws providing for the licensing and regulation of occupations or businesses (Municipal Home Rule Law, § 10[1][ii][a][12]). Your regulations have been adopted under the provisions of the General City Law.
The general rule is that discretionary powers exercised by an administrative officer must be delegated to him by statute with sufficient standards to exercise these powers (Mtr. of Barton TruckingCorp. v O'Connell, 7 N.Y.2d 299, 307 [1959]). However, it is well settled with respect to licensing officials, that the power to withhold a license for good cause and the standards defining such decisions need not be expressly delegated where by fair implication in light of the statutory purpose, such power has been implicitly delegated (ibid.). Licensing officials have implicit discretion to pass upon the fitness of the applicant (ibid.; Matter of Howell v Benson, 90 A.D.2d 903 [3d Dept, 1982]). Where the enabling statute authorizes the licensing official to examine applicants, and in his judgment deny licensure, the power to determine fitness of the applicant is necessarily implied (ibid.). Thus, we believe that under the above-cited provisions of the General City Law, the licensing official may deny a license to a plumber or an electrician if in his judgment the person is unfit. Certainly the moral character of an applicant for a plumbing or electrical license is relevant in determining fitness since the licensee would be dealing with the public on matters affecting health and safety.
The authority to consider a previous criminal offense in determining the character and fitness of an applicant for a license has been circumscribed by the Legislature (Stewart v Civil Service Commission,84 A.D.2d 491 [1st Dept, 1982]; Correction Law, Art 23-A; Executive Law, § 296[15]). The Legislature has established a State policy to encourage the licensure and employment of persons previously convicted of one or more criminal offenses (ibid.). A private employer or agency may not deny a license or employment "by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of `good moral character' when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses, unless:
 (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought; or
 (2) the issuance of the license or the granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public" (Correction Law, § 752).
In making this determination, the licensing officer or employer is required to consider certain factors (see, id., § 753). One factor is the public policy of the State "to encourage the licensure and employment of persons previously convicted of one or more criminal offenses" (id.,
§ 753[1][a]). Consideration must be given to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which creates a presumption of rehabilitation in regard to the offenses covered by these certificates (id., § 753[2]). (See also, Op Atty Gen [Inf] 81-7, 82-73).
You also ask whether in considering the effect of a prior conviction or moral turpitude a public hearing must be held. Article 23-A of the Correction Law does not require a hearing per se but requires that specific determinations be made (§ 753). As a practical matter, it may be necessary to make findings of fact and conduct investigations in order to make the required findings. In determining the effect of a prior conviction, the employer is required to consider any information produced by the job or license applicant regarding his rehabilitation and good conduct (id., § 753[1][g]). Upon the request of a person denied a license or employment, the employer is required to indicate in writing the reasons for denial (id., § 754). Denial of a license or employment is subject to judicial review under Article 78 of the CPLR (id., § 755). We note that a public hearing is not required in relation to an original application for a plumbing or electrician's license but is required prior to revocation (General City Law, §§20[27][a], 47). Town officials are not required to conduct hearings in deciding whether to issue a license but must hold a hearing prior to revocation (Town Law, § 137; see Hempstead T-W Corp. v Town ofHempstead, 13 Misc.2d 1054, 1061 [Sup Ct, Nassau Co, 1958], affd7 A.D.2d 637 [2d Dept, 1958]).
Finally you ask whether the city may require the fingerprinting of an applicant, and forward the prints to the State Division of Criminal Services for a check on whether the individual has any outstanding convictions. Section 201-a of the Labor Law provides that no person as a condition of securing employment or of continuing employment, may be required to be fingerprinted. Exempted from coverage under this provision are employees of the State or any municipal subdivision of the State (ibid.). We are not aware of any prohibition on requiring fingerprinting as a condition of licensure. However, local regulations should authorize such actions. A representative of the Division of Criminal Justice Services has informed us that the Division will make a criminal history search on behalf of a local government involved in a licensing matter. However, we recommend that you contact the Division since they require that local regulations specifically authorize fingerprinting and other related activities. Section 837(8-a) of the Executive Law authorizes the Division to conduct a search of its criminal history records and report thereon in connection with an application for employment or for a license or permit.
We conclude that licensing officials are authorized to consider the fitness of an applicant. In considering the effect of a prior conviction, the licensing officer may deny a license only after making the determinations required by the Legislature. No public hearing is required in making such a licensing determination.