■ Town of Coeymans, Respondent, v James E. Malphrus, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered September 29, 1988 in Albany County, which, inter alia, enjoined defendant from maintaining his property as a junkyard and automobile dismantling business.

Defendant is the owner of certain real property located within plaintiff, the Town of Coeymans in Albany County. In January 1987, defendant was cited by plaintiff for, among other things, operating a junkyard and dismantling vehicles on his property without a special permit or variance in violation of the town zoning ordinances. At a hearing, defendant was found in violation of all the cited zoning ordinances. Defendant's appeal of this decision to the Town Zoning Board of Appeals was unsuccessful. Thereafter, despite the fact that plaintiff directed defendant to remove junk cars from his property and cease using the property for the purpose of dismantling vehicles, defendant allegedly did not do so. Plaintiff then commenced this action seeking an order enjoining and restraining defendant from maintaining his property as a junkyard and automobile dismantling business. Plaintiff also sought permission to enter defendant's property and remove all junk and abandoned motor vehicles. Supreme Court granted plaintiff's motion in its entirety and this appeal by defendant ensued.

We affirm. Defendant has failed to present an articulable reason for reversing the subject enforcement order other than apparently attacking the basis for the underlying adverse determination by the Town Zoning Board of Appeals. Defendant, however, never commenced a CPLR article 78 proceeding to challenge that determination; therefore, review of that determination by this court would be inappropriate at this juncture *(see, Matter of Wolfram v Abbey,* 55 AD2d 700).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.