■ GERARD LOLLO & SONS, INC., Respondent, v MARSHALL M. STERN, Appellant.—In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated January 4, 1989, which denied his motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contentions, the Supreme Court properly denied his motion for summary judgment dismissing the instant action for legal malpractice. In support of his motion to dismiss, the defendant argued that the plaintiff could not prevail on its legal malpractice claim, since the underlying contract action, which the defendant had been retained to prosecute, was lacking in merit as a matter of law. We disagree and conclude that questions of fact exist with respect to the potential merit of the underlying action (see, *Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232, 233; *Mendoza v Schlossman,* 87 AD2d 606, 607; see also, *Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42; *Carmel v Lunney,* 70 NY2d 169, 173; *Stroock, Stroock & Lavan v Beltramini,* 157 AD2d 590, 591).

More specifically, the record reveals that questions of fact exist, *inter alia,* with regard to whether a supplier's letter containing price quotations relating to a specified construction project constituted a bona fide offer giving rise to a binding contract. Notably, it has been held that "whether a price quote may be considered an offer in any given case is a question of fact dependent on the nature of the particular acts

or conduct and the circumstances surrounding the transaction" *(Maurice Elec. Supply Co. v Anderson Safeway Guard Rail Corp.,* 632 F Supp 1082, 1087; see, *Thomas J. Kline, Inc. v Lorillard, Inc.,* 878 F2d 791, 794-795, *cert denied* — US —, 110 S Ct 1120; *Maryland Sup. Corp. v Blake Co.,* 279 Md 531, 369 A2d 1017; cf., *Klienschmidt Div. v Futuronics Corp.,* 41 NY2d 972, 973). We note in this respect that the defendant's application was supported by the affirmation of an attorney who lacked personal knowledge of the circumstances surrounding the transaction in question. In contrast, the plaintiff opposed the motion, *inter alia,* by submitting the affidavit of the individual who was personally involved in the negotiations which ultimately led to the issuance of the disputed letter. Under these circumstances, it is our view that unresolved questions of fact exist with respect, *inter alia,* to the character of the letter, thereby warranting the denial of the defendant's motion for summary judgment.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.