■   Chiara M. O'Connor, Appellant, v Daniel M. Sleasman, Respondent, et al., Defendant. [788 NYS2d 518]—

Peters, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered May 30, 2003 in Rensselaer County, which, inter alia, partially granted defendant Daniel M. Sleasman's cross motion for summary judgment, and (2) from an order of said court, entered May 21, 2004 in Rensselaer County which, upon reargument, granted said defendant's motion for summary judgment dismissing the complaint.

On May 24, 2002, plaintiff entered into a contract with defendant Daniel M. Sleasman (hereinafter defendant) to sell real property for $765,000. The initial deposit of $10,000 was placed in escrow and the remaining $30,000 of the deposit was not due until the satisfaction of various contingencies; the closing was scheduled to occur on or before July 31, 2002. After the exchange of numerous letters, both the closing date and the time to make the additional deposit were extended. When defendant proposed the extension of the dates, however, he "confirm[ed] that all contingencies in our purchase agreement have been satisfied and that all deposits will be non-refundable and may be retained as liquidated damages in the event of failure to close." By letter dated September 9, 2002, defendant advised that he would not be able to close on the extended date of September 16, 2002 and that he was still unable to pay the additional deposit. One week later, defendant proposed a substantial modification of the existing purchase agreement which included, among other things, a provision requiring that the additional deposit be paid within 14 days of the signing of the modification agreement, an extension of the closing date to January 15, 2003, a reinstatement of a contingency in the original contract and the requirement that, in the event of a failure to close as of January 15, 2003, there be month-to-month extensions up to June 30, 2003. By letter dated September 17, 2002, plaintiff declared defendant to be in default by failing to pay the full deposit and close on September 16, 2002; she wholly rejected defendant's attempts to "completely restructure the agreement and your obligations." Plaintiff advised defendant that she was keeping the initial $10,000 deposit and demanded that defen-

dant pay the balance. Defendant thereafter advised plaintiff that he accepted her notice of rescission and termination of the contract and further requested that she return his deposit.

Plaintiff commenced this action for breach of contract seeking payment of the remaining $30,000. She moved for summary judgment, prompting defendant to cross-move for dismissal of the complaint. Supreme Court denied plaintiff's motion and partially granted defendant's cross motion to the extent that it dismissed plaintiff's claim for breach of contract by finding that time was not of the essence. Supreme Court further determined that there were issues of material fact relating to whether defendant's failure to tender the $30,000 constituted an anticipatory repudiation and material breach of the parties' agreement. On January 27, 2004, defendant again moved for summary judgment seeking a dismissal of the claim for anticipatory breach of contract. Supreme Court, treating this motion as a motion to reargue, granted the motion and ordered that the $10,000 initial deposit be returned to defendant. Plaintiff appeals both orders.

Preliminarily, we note that Supreme Court's first order was entered on May 30, 2003 and the notice of appeal of such order is dated June 17, 2004. As our power to review this order is dictated by the requirements of CPLR 5513, requirements which are "jurisdictional in nature and must be strictly adhered to" (*Matter of Kolasz v Levitt*, 63 AD2d 777, 779 [1978]), plaintiff's appeal from the first order must be dismissed as untimely (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Matter of Haverstraw Park v Runcible Props. Corp.*, 33 NY2d 637, 637 [1973]).

Next addressing Supreme Court's order which, upon reargument, granted defendant's motion for summary judgment dismissing the complaint, we find error. While Supreme Court's first order properly found that there were triable issues of fact on the issue of anticipatory repudiation, it erred when it found upon reargument, that this issue was a question of law (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 463 [1998]; *Inter-Power of N.Y. v Niagara Mohawk Power Corp.*, 259 AD2d 932, 933 [1999], *lv denied* 93 NY2d 812 [1999]). If it is found that a "party repudiates contractual duties 'prior to the time designated for performance and before' all of the consideration has been fulfilled, the 'repudiation entitles the nonrepudiating party to claim damages for total breach'" (*Norcon Power Partners v Niagara Mohawk Power Corp., supra* at 462-463, quoting *Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 463 [1977]). Such a factual determination is

heavily dependent upon a determination of whether "a breaching party's words or deeds are unequivocal" (*Norcon Power Partners v Niagara Mohawk Power Corp., supra* at 463).

Viewing the evidence in a light most favorable to plaintiff, we find that the issue regarding the anticipatory repudiation was not dependent upon defendant's failure to tender the $30,000, but rather upon defendant's September 16, 2002 fax detailing the numerous modifications he appeared to be requiring before he would complete the contract. As plaintiff immediately rejected the proposed modification by declaring the contract to be in breach, we find that a question of fact was raised on the issue of anticipatory repudiation.

Crew III, Carpinello and Rose, JJ., concur; Cardona, P.J., not taking part. Ordered that the appeal from the order entered May 30, 2003 is dismissed, as untimely, without costs. Ordered that the order entered May 21, 2004 is reversed, without costs, and motion denied.