█ TOWN BOARD OF THE TOWN OF GREENFIELD, Appellant-Respondent, v MATTHEW ERNST, Respondent-Appellant. [812 NYS2d 685]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered December 8, 2004 in Saratoga County, which, inter alia, partially granted plaintiff's motion for summary judgment.

In 1998, defendant, who operates an automobile sales dealership in the City of Saratoga Springs, Saratoga County, purchased a parcel in the nearby Town of Greenfield, Saratoga County, on which he parked vehicles that had sales information (such as prices and mileage) prominently displayed. The Town's zoning administrator directed defendant on several occasions to cease this activity since the area was zoned "Office Residential" and the administrator believed that the displaying of vehicles with sales markings violated the town code. Defendant appealed to the Zoning Board of Appeals (hereinafter ZBA) contending that he was not in violation because he did not actually sell vehicles at the lot, but parked them there before moving them to his Saratoga business to be sold. The ZBA determined that defendant's activities constituted "sales" in violation of the town code and directed him to "cease, desist from and stop all

sales, repairs and/or detailing of autos at [that] location." Defendant did not seek CPLR article 78 review or otherwise challenge the ZBA's determination. He did, however, continue the disputed conduct, resulting in a fine being imposed by the Town Justice Court and prompting plaintiff to commence the instant action for an injunction. Plaintiff moved for summary judgment. Supreme Court, relying primarily on the unchallenged ZBA's determination, granted plaintiff's motion to the extent of enjoining defendant "from parking any vehicles temporarily or otherwise that have any pricing, or mileage printed on the outside of the vehicle on the property." The court did not otherwise restrict defendant from parking vehicles on the property. Both parties appeal.

We consider first defendant's argument that Supreme Court erred in granting summary judgment. Defendant was afforded an opportunity to advance before the ZBA his positions regarding the town code and his activity at the parcel. He did not prevail before that body and he did not seek judicial review of the ZBA's determination. Under such circumstances, Supreme Court properly relied upon the ZBA's determination as a basis upon which to grant plaintiff summary judgment in this action (*see Town of Coeymans v Malphrus*, 160 AD2d 1178, 1179 [1990]).

Plaintiff contends that Supreme Court's injunction was too narrowly tailored. We cannot agree. Plaintiff's complaint sought relief regarding the alleged prohibited sales, and Supreme Court's decision directly addressed that issue. While there is another provision of the town code regarding where on a parcel nonresidential parking is permitted and Supreme Court's decision explained that defendant was "not precluded from parking vehicles on the property that do not have the pricing or mileage information printed on [them]," the court did not hold that such parking could occur anywhere on the property even if the placement of the vehicles violated another provision of the town code. The remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.