■ TOWN OF NEW BALTIMORE, Respondent, v THOMAS WINSLOW et al., Appellants. [832 NYS2d 459]—

Carpinello, J. Appeal from an order of the Supreme Court (Stein, J.), entered December 20, 2005 in Greene County, which, inter alia, granted plaintiff's motion for permission to enter defendants' property and remove one mobile home situated thereon.

Following a hearing in town court, defendants, who had two mobile homes on their 4.3-acre property, were found to be in violation of a town code provision prohibiting more than one mobile home on any given parcel of land. They thereafter applied for a variance, which was denied by plaintiff's Zoning Board of Appeals on May 5, 2004. They never sought review of this determination.

Thereafter, defendants failed to remove one of the mobile homes from their property, prompting a June 2004 proceeding to enforce compliance with the prior violation order. Ultimately, an August 2005 order was issued finding that defendants' property was not in compliance with the town code. The order enjoined defendants from continued use of the property in violation of the code and directed them to remove one mobile home within a specified period of time. In its decision, Supreme Court gave plaintiff permission, in the event that defendants did not remove one of the mobile homes, to make an application for permission to do so itself. Defendants did not file an appeal from this order nor did they comply with the order by removing a mobile home. Plaintiff then filed an application for permission to enter their property to do so. In December 2005, Supreme Court granted the application. It is from this latter order that defendants now appeal.

Having failed to seek review of the denial of their request for a variance (*see Town Bd. of Town of Greenfield v Ernst*, 27 AD3d 1037, 1038 [2006]) and having failed to appeal from the August 2005 order finding them to be in violation of the town code and directing removal of a mobile home from their property (*see* CPLR 5513 [a]; 5515; *see e.g. Woodward v State of New York*, 23 AD3d 852, 853 n 1 [2005], *lv dismissed* 6 NY3d 807 [2006]; *KLCR Land Corp. v New York State Elec. & Gas Corp.*, 15 AD3d 719, 720 [2005]; *O'Connor v Sleasman*, 14 AD3d 986 [2005]; *Ireland v GEICO Corp.*, 2 AD3d 917 [2003]; *Murphy v Finer Home Alterations*, 300 AD2d 782, 783 [2002]; *Citicorp Mtge. v*

*Rodelli*, 249 AD2d 736 [1998]), defendants are precluded from attacking the merits of their request for a variance or the soundness of the August 2005 removal order. Thus, the limited issue now before us is the propriety of Supreme Court's decision to permit plaintiff to enter defendants' property to remove a mobile home. Given defendants' repeated failures to comply as clearly ordered and given the provision in the December 2005 order permitting them to choose which mobile home plaintiff would remove, Supreme Court's order will be affirmed (*see e.g. Town of Hempstead v Davis*, 245 AD2d 366 [1997]; *Town of Coeymans v Malphrus*, 160 AD2d 1178, 1179 [1990]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.