TOWN OF HUNTINGTON, Appellant, v WILLIAM BRAUN et al., Respondents. [952 NYS2d 633]—

The defendants own and operate property located within the General Business District of the plaintiff, the Town of Huntington. The Town commenced this action seeking, inter alia, injunctive relief, alleging that the defendants' business was being

operated in violation of the Code of the Town of Huntington § 198-27(A) (hereinafter the Town Code), which governs permitted uses, and allows the use of property for certain business purposes including "[r]etail or wholesale florist shop, nursery sales, including accessory greenhouses" (Code of Town of Huntington § 198-27 [A] [12]). "Nursery," in turn, is defined under Town Code § 198-2 (B) as "[a]n agricultural enterprise wherein trees or shrubs or other ornamental plants are field-grown for profit." The Town contends that the defendants sell items that are not field-grown on the premises and, thus, the defendants are in violation of those provisions.

Possible ambiguities in zoning ordinances are to be construed against the municipality which has enacted them and seeks to enforce them (see Town of Riverhead v Gezari, 63 AD3d 1042 [2009]; Matter of Rattner v Planning Commn. of Vil. of Pleasantville, 156 AD2d 521, 527 [1989]; Town of Huntington v Barracuda Transp. Co., 80 AD2d 555 [1981]). Construction of ambiguous language is an issue of fact that cannot be decided on a motion for summary judgment (see DiLorenzo v Estate Motors, Inc., 22 AD3d 630, 631 [2005]; Leon v Lukash, 121 AD2d 693, 694 [1986]).

Here, the Supreme Court properly determined that triable issues of fact regarding ambiguities in the definitions of permitted uses of the premises existed, precluding the award of summary judgment on the third and fourth causes of action, which seek injunctive relief barring the use of the defendants' property for its current purpose (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 559 [1980]).

Contrary to the Town's contention, a decision by the Town Zoning Board of Appeals denying an earlier application by the defendants was not determinative of the issues raised on the instant motion (cf. Town Bd. of Town of Greenfield v Ernst, 27 AD3d 1037 [2006]; Town of Coeymans v Malphrus, 160 AD2d 1178, 1179 [1990]).

Accordingly, the Supreme Court properly denied those branches of the Town's motion which were for summary judgment on the third and fourth causes of action. Eng, P.J., Rivera, Florio and Roman, JJ., concur.